HATCH *v.* CAMP.

Opinion delivered October 30, 1922.

ALTERATION OF INSTRUMENTS—RATIFICATION OR WAIVER.—Where a party charged by an instrument recognized his liability thereon by making payments with knowledge of a previous alteration, he waives or ratifies the alteration.

Appeal from Hempstead Circuit Court; *George R. Haynie,* Judge; affirmed.

*King, Whatley & Hamiter,* for appellant.

The court erred in directing a verdict in favor of the plaintiff.

Any alterations which affect the rights of parties is material.    57 Ark. 277; 21 S. W. 468; 9 Ark. 122; 27 Ark. 108.

Any material alteration of a written contract after delivery avoids the contract.   9 Ark. 122; 35 L. R. A. 469.

A note is rendered void by the alteration of its date by the holder and without the consent of the maker.   32 Ark. 166.

The admission of the altered note in evidence without explanation, did not place the burden of proof on the defendant to prove that he was liable.   69 Ark. 140; 61 Ark. 752; 39 L. R. A. (N. S.) 109; 50 Ark. 358; 35 Ark. 146.

Where the alteration does not affect the rights of any of the parties, it is immaterial. 131 Ark. 178.

*P. T. Staggs,* for appellee.

The alteration was not written into the body of the note and was not material. 68 Ark. 391.

Where one makes payments on a note with knowledge that the note has been altered, he thereby ratifies the alteration. Ann. Cas. 1917-D, 342 note.

Where a negotiable instrument is materially altered without the assent of all parties liable, it is avoided except as against a party who assented to the alteration. C. & M. Dig., sec. 7890.

Silence with knowledge of change is implied ratification. Ann. Cas. 1917-D, 346.

Defendant having made payments on the note is estopped from pleading *non est factum.* 30 Ark. 285.

It was a question of law for the court, and not one of fact for the jury to determine whether or not there was a material alteration. 35 Ark. 146.

WOOD, J. This action was begun by the appellee in the justice court against the appellant to recover the alleged balance due appellee on two promissory notes. The notes were dated July 22, 1919, and one was payable November 1, 1919, the other one November 1, 1920. The first note was a plain promissory note for the sum of $200, bearing interest from maturity at the rate of eight per cent. per annum until paid. The second note was for the sum of $250 and was similar in form to the first note, except that the note for $250 contained the following recital: "This note is given to secure balance of unpaid purchase money on one grist mill, one crusher, one sorghum mill and one No. 8 horse power gasoline engine." Both notes were signed by the appellant, and after his signature in the left-hand corner of each note was the following: "No. —— Due ——— Ownership lien being retained until paid." The note for $200 had the following credits indorsed thereon: "Received on within note $85 this the 13th day of Oc-

tober, 1919. August 25th A. J. Camp received on the within note 2000 shingles $57. November the 12, 1920, received on the within note $21.''

The appellant entered a plea of *non est factum,* and contended in the court below and contends here that the notes were materially altered by the appellee after they were executed, which rendered the notes void. The appellant admitted in his testimony at the trial he signed the notes, but testified that after the notes were signed they had been changed; that the alteration consisted in placing the words, ''Ownership lien being retained until paid'' on the left-hand corner of the notes at the bottom following the appellant's signature; that these words were not on either of the notes at the time appellant signed the same, and that appellant did not know anything about the alteration until a month or two afterwards.

The appellant, on cross-examination, stated that on one occasion, a month or two after the notes were signed, he met the appellee and appellee told appellant that the notes had been revised and a lien placed in the notes as indicated. Appellee was speaking to the appellant about the machinery and appellant remarked, ''You got them notes all right,'' and appellee replied, ''Yes, but I didn't know whether they were right or not. Carried them down to Uncle Bill Fomby and had them fixed right.'' Appellee then showed the appellant the words as above indicated and stated, ''Here's what I had put on it.'' Appellant further testified that when the appellee told him that he had put the words mentioned on the note, he said to appellee, ''I suppose it must be right.'' The appellant was questioned in regard to the payments credited on the note, and if he did not make these after his attention was called to the fact that the notes had been changed, and he did not answer. After testifying that he didn't give the appellee any authority to change the notes, he further stated that when the appellee called his attention to the words mentioned he (appellant) did not object to it; that is, he didn't make any answer to it

at all. Appellant further testified that he had not made any payments on the notes before he found out that the change was made; that at the time the appellant made the payments he knew that the words now objected to were written in the notes. The notes were introduced in evidence.

At the conclusion of the appellant's testimony the court directed the jury to return a verdict in favor of the appellee. The jury thereupon returned a verdict in appellee's favor in the sum of $259.99. From a judgment in that sum in favor of the appellee is this appeal.

The alteration complained of here was not in the body of the notes, but we find it unnecessary to decide, and do not decide, whether such alteration was material. For if it be conceded that such alteration was material, the undisputed facts show that the appellant did not object to the alteration, but, on the contrary, made several payments on the first note after he was advised of the alleged alteration.

In 1917-D Ann. Cas., case note to *Smith* v. *Barnes*, at page 342, the following statement is made correctly declaring the law: "Where a party charged by an instrument yields his assent to it, or recognizes his liability thereon, with knowledge of a previous alteration, he will be held to have waived or ratified the alteration." See also Supplement R. C. L. vol. 1, p. 312, sec. 68, paragraph 1-B; *Divide Canal & Reservoir Co.* v. *Tenny*, 57 Colo. 14, 139 Pac. 1110, Ann. Cas. 1917 D, page 346; sec. 7890, C. & M. Digest.

Let the judgment be affirmed.