INTERNATIONAL HARVESTER CO. OF AMERICA, Respondent, v. WOODS, Appellant.

(227 N. W. 372.)

(File No. 6602.    Opinion filed November 8, 1929.)

*E. W. Martin* and *Paul E. Martin, both* of Hot Springs, for Appellant.

*Parliman & Parliman,* of Sioux Falls, and *C. A. Wilson,* of Hot Springs, for Respondent.

FULLER, C. Assuming for present purposes that the facts herein stated disclose a material alteration of a negotiable instrument within the meaning of Revised Code 1919, § 1828 (5 U. L. A. § 125), the decisive question for consideration on this appeal is whether, by the transaction here narrated, the alteration could lawfully be, and in fact was, waived or ratified by the maker of the note who appeals from adverse decision.

On August 2, 1921, the defendant and appellant, W. R. Woods, gave a note of $877.50 to Spazzie Bros. in part payment of a Deering Harvester-Thresher then purchased. The note passed to the hands of the International Harvester Company, the plaintiff and respondent, which recovered judgment for the amount of the note. (with certain credits thereon) and for other relief. The note was signed by appellant Wood in the presence of and given to one W. M. Smith, a representative of respondent. At that time an oral understanding was had that appellant Wood should be protected against a reduction in the prevailing list price of like machinery. With the intention of recording that agreement the note maker added, upon the note and below his signature, the words: "List price of $1755, guaranteed to Sep. 1st." Receiving the note, the agent of respondent, in the presence of appellant, and with no actual fraudulent intent to deceive or take advantage of appellant, wrote the figures "21" after the above-quoted words and carried the note off for delivery to the payee. Appellant did not know of the insertion of the figures "21" upon the note or learn thereof until about December 5, 1922, more than a year after the execution of the note. After appellant's discovery of the fact of the alteration, and on July 3, 1923, appellant signed and delivered a chattel mortgage to respondent in security of the note, and there was written upon the chattel mortgage, and above the signature of appellant, these words: "Signed with the understanding of price guaranty on bottom of note was for date at maturity of said note."

Appellant argues that the phrase on the original instrument ("List price $1755. guaranteed to Sep. 1st") would mean September 1, 1922, or the year the note became due, as the time within which the guaranty of list price would continue. The indorsement upon the chattel mortgage, therefore, is consistent with appellant's claim as to the original intention of the parties and serves to correct the figures "21" to conform to that intention.

Revised Code 1919, § 1827, provides in part as follows: "Alteration. Where a negotiable instrument is materially altered by the holder without the assent of all parties liable thereon, it is void except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers."

From a careful examination of numerous applicable authorities, we are convinced that no occasion exists for a peculiar or technical construction of the phrase "a party who has assented to the alteration" as it occurs in the foregoing statute. With careful regard for accuracy of expression, we may concede that the indorsement upon the mortgage did not amount to a direct and immediate assent to the alteration which placed the figures "21" upon the note. Nevertheless, with full knowledge of the fact and significance of the alteration, appellant agreed to a writing in effect that the altered portion of the note should itself be treated as corrected to express the true intention of the parties, and he gave security for the payment of the note as so corrected. In the mortgage, so executed, there was a reference to the note in question with an express covenant by appellant, the mortgagor, that he justly owed the debt and agreed to pay the same.

■ If the maker of a note may so assent to its alteration that he is thereby bound to its payment, it follows that he may be bound by a waiver of his right to object to the alteration or by his ratification of the alteration. To that effect authorities which we approve are direct in point. See Hatch v. Camp, 155 Ark. 397, 245 S. W. 23, 24, and cases cited; Grapes v. Rocque, 97 Vt. 531, 124 A. 596, 597; Marion Sav. Bank v. Leahy, 200 Iowa, 220, 204 N. W. 456, 458.

■ We construe the indorsement upon the chattel mortgage, taken with the recitals in the mortgage and with the effect of the giving of the mortgage, as a correction by the parties to a note of alteration therein to the end that the note should express the true

meaning of the parties and be enforceable as so corrected and that, by reason of the transaction aforesaid, the appellant waived all objection to the alteration of the note.

It is to be remarked in this case that the incident of alteration of the note involves no moral turpitude nor acts the assent to which by appellant would be against the policy of the law as, for instance, where the alteration is a forgery and the ratification of that alteration involves a connivance in or compounding of a felony. Authorities pertaining to such a subject are not here considered as relevant.

The judgment appealed from is accordingly affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.