Argued March 21, reversed and remanded April 4, petition for
rehearing denied April 28, 1950

## ALFORD *v.* COCHRAN

216 P. (2d) 667

*Bruce Spaulding,* of Salem, argued the cause and filed briefs for appellant.

*Allan G. Carson,* of Salem, argued the cause for respondent. With him on the brief was John H. Carson, of Salem.

Before LUSK, Chief Justice, and BRAND, BAILEY, HAY and LATOURETTE, Justices.

**LATOURETTE, J.**

This appeal involves the propriety of the granting of a new trial by the lower court on plaintiff's motion after the jury had returned a verdict in favor of the defendant. The motion contained eleven grounds for a new trial, and in allowing that motion, the court assigned no reason therefor except the recital in the order that the plaintiff's motion was well taken.

The question on this appeal is whether or not there was error on the part of the trial court in the conduct of the trial, as claimed by plaintiff in her motion for a new trial.

Plaintiff was riding as a guest passenger in an automobile being driven by another in a northerly direction on the Pacific highway north of the corporate limits of the city of Salem, while defendant was driving his automobile in a southerly direction along said highway approaching the plaintiff's car. The plaintiff's car was proceeding behind several automobiles when its driver drove said car westerly and across said highway in the path of the defendant's oncoming automobile where said collision occurred. The accident happened about 5:45 o'clock in the afternoon of March 1, 1947. Darkness was setting in, rain was falling, and the surface of the main, traveled part of the highway was wet and slippery.

Plaintiff's complaint contains the usual allegations of negligence in cases of this kind, such as failure to keep a proper lookout; failure to have the car under control; and a violation of the basic rule. The defendant

in his separate defense set out six allegations of negligence upon the part of the plaintiff and the driver of the car in which she was riding. We deem it unnecessary to consider such allegations other than those contained in Specifications 4 and 6, which we shall refer to later.

The first ground of alleged error pointed out by plaintiff in his motion for a new trial is as follows:

> "The Court's sustaining defendant's objection to, and refusing to receive in evidence, the rebuttal testimony of plaintiff's witness Gray in respect of the rate of speed of defendant's automobile as it overtook and passed the automobile of said witness Gray a short distance north of the scene of the collision in suit."

The evidence of witness Gray was that defendant's car passed him at Brooknook, which was described as about five minutes at the most from the scene of the accident. Gray testified that he was going about 50 miles an hour at that time. The speed of defendant's car at that point would be immaterial and too remote; however, it is contended that since defendant testified he was traveling 45 miles per hour for fifteen minutes before the accident, Gray's evidence would affect defendant's credibility. Defendant did testify as claimed above, but we find in reading defendant's testimony that he later testified that at Labish, which is between Brooknook and the place of the accident, he was traveling at the rate of 55 miles per hour. If defendant admitted he was going 55 miles per hour between Brooknook, where he passed Gray, and the scene of the accident, we cannot see how defendant's credibility could be affected by Gray's proposed testimony. Furthermore, no offer of proof was made as to what Gray would have testified to. The court, in sustaining the objection, committed no error.

■ The second ground raised by plaintiff's motion is that the court charged the jury respecting Specifications 4 and 6 of defendant's separate answer charging negligence against the plaintiff and that they were repetitious. These specifications are as follows:

"4. He turned from a direct line of travel along said highway without first seeing that such movement could be made with safety."

"6. He suddenly turned to his left directly into the path of defendant's oncoming automobile when defendant was so close that it was impossible for defendant to avoid the collision."

Specification 4 relates to a legislative directive involving the law of the road, while Specification 6 relates to an emergency situation. We see no error in giving both instructions.

Ground No. 3 of said motion is as follows:

"The failure and refusal of the Court, in reading to the jury, as a part of its charge to the jury, to read the closing phrase of plaintiff's requested instruction 9, namely: 'no matter what the actual situation thereafter may prove to have been'."

Plaintiff's requested instruction No. 9 was as follows:

"Although it is the law that the driver of any vehicle upon a highway before turning from a direct line shall first see that such movement can be made in safety, Mr. Nadon would not be guilty of negligence simply by reason of the fact that he turned from a direct line and the collision occurred. By using the expression 'shall first see that such movement can be made in safety,' the law does not mean that the one making the turn from a direct line must actually accomplish the turn safely or be deemed guilty of negligence. He is not to be held as an insurer or guarantor of success in his attempt to negotiate such turn. The test to be applied is this:

In the circumstances, would it have appeared to a reasonably prudent person in the position of Mr. Nadon that he could safely make the turn? If it would have so appeared to a reasonably prudent person in the position of Mr. Nadon, then he was not negligent in proceeding to make the turn, *no matter what the actual situation thereafter may prove to have been."*

The portion omitted by the court is in italics.

█ Plaintiff argues that the omitted portion of the submitted instruction was taken verbatim from the opinion in *Cox v. Jones,* 138 Or. 327, 338 5 P. (2d) 102. Reference to such authority discloses that such language was used by the late Justice Kelly in arriving at the conclusion that the instruction considered was not proper. This court has frequently held that it is not advisable in charging a jury to use the exact language of an appellate court's opinion in stating law in similar cases. *Mason v. Allen, et al,* 183 Or. 638, 645, 195 P. (2d) 717. Furthermore, such omitted portion was covered in the body of the instruction and, if given, would have been repetitious. There was no error in omitting such language.

█ The fifth ground raised by plaintiff's motion is that the court erred in charging the jury as follows:

"You are not to infer or assume that the defendant Mr. Cochran was negligent simply because an accident occurred or because the plaintiff claims that the defendant Mr. Cochran was negligent. On the contrary, the presumption is that defendant Mr. Cochran exercised due care until the plaintiff establishes the contrary to your satisfaction by a preponderance of the evidence."

The above instruction merely placed the burden of proof on the plaintiff to establish by a preponderance

of the evidence that defendant Cochran did not exercise due care.

■■ The ninth ground raised by plaintiff's motion was that the court erred in giving the following instruction:

"I instruct you that the defendant in the operation of his automobile upon the public highway had a right to assume, until put on notice to the contrary, that all other persons operating vehicles upon said highway would operate their vehicles in a lawful manner and with due care. Thus, if you find that the defendant was driving his car southerly in his right hand lane of traffic, he had a right to assume, until put on notice to the contrary, that no driver proceeding in a northerly direction would drive into his lane of travel at a time when the defendant's car was so close as to constitute an immediate hazard."

Respondent claims that the vice of this instruction is in using the words, "until put on notice to the contrary." In our opinion, this is merely another way of saying, "unless the contrary appeared," which language has been approved many times by this court.

■ Ground No. 11 of the motion is as follows:

"The reading and submitting by the Court, as a part of its charge to the jury, of defendant's requested instruction 15."

as follows:

"If you find that defendant Cochran was faced with an emergency which did not arise through prior negligence on his part, then and in that event more hasty and violent action was to be expected of the defendant than would be normal at quiet moments, and the conduct of the defendant in such a situation, if you so find, is to be judged with reference to the stress of circumstances then and there existing, and appearances at said time and place, and not by the cool estimate of actual danger as formed by outsiders after the event."

The above instruction was approved, with the exception of the word "prior," in *Sherrard v. Werline et al,* 162 Or. 135, 153, 91 P. (2d) 344. It is argued by plaintiff that the exception taken in the above case was altogether different from that taken in the case at bar and that "it is an incorrect statement of the law." We hold that such instruction was proper in the case at bar.

Grounds 4, 6, 7, 8 and 10 of the motion for a new trial are based on the proposition that instructions given by the court, covered by such points, were repetitious, misleading, argumentative and confusing. We have carefully considered the instructions and find them to be proper.

There being no error on the part of the trial court in the matters embraced in the motion for a new trial, we hold that the trial court erred in granting a new trial. The order granting a new trial is reversed and set aside and the cause remanded with directions to reinstate the judgment based on the verdict.