PEARSON, Judge,
This case was previously before this court.[1] At that time we found, upon an appeal from a summary final judgment, that a genuine issue of material fact existed and returned the cause for trial. At the conclusion of the trial the plaintiff .requested a charge which was an exact quotation from the opinion of this court upon the appeal. The charge was refused and upon delivery of an adverse verdict and entry of judgment thereon, the plaintiffs appealed. They urge that the refusal of a charge embracing the law as declared in a former appeal .constitutes .reversible error.
The use of any given language in an opinion is not sufficient to require the use of that language by a trial court in its charge upon a subsequent trial of the same case. Alford v. Cochran, 189 Or. 24, 216 P.2d 667, 669; News Leader Co. v. Kocen, 173 Va. 95, 3 S.E.2d 385, 391, 122 A.L.R. 842; cf. Davis v. Cain, 86 Fla. 18, 97 So. 305; Florida Ry. Co. v. Dorsey, 59 Fla. 260, 52 So. 963. A jury is properly instructed upon the law of the case as it applies to the evidence. The need for instruction is determined by the issues liti-
*658 gated. The opinions of appellate courts necessarily employ legal terms not always generally understood. Their purpose is to define. Instructions have the broader purpose of aiding the jury in their understanding of the case.
An examination of the entire charge in the instant case discloses that the principles of law applicable to the evidence were adequately covered in the particular to which our attention is directed by the assignment of error.
Affirmed.
HORTON, C. J., and MILLEDGE, STANLEY, Associate Judge, concur.

. Van Engers v. Hickory House, Fla.App.1958, 104 So.2d 843.