467 P.2d 408

**A. M. CASTLE & COMPANY, Plaintiff and Respondent,**

**v.**

**H. G. BAGLEY, Defendant and Appellant.**

No. 11828.

Supreme Court of Utah.

March 30, 1970.

and enforce a promissory note executed by defendant. The trial court granted plaintiff judgment, and defendant appeals.

Defendant was an employee of General Metals Company, a close corporation. Between approximately March 3, 1966, and May 12, 1966, Pacific Metals had sold steel of the value of $747.71 to General Metals. Defendant entered into a contract to purchase 50 per cent of the stock of General Metals. He discovered that General Metals was in a precarious financial position and undertook to wind up its affairs by collecting its accounts receivable and completing contracts in process by furnishing additional materials. Defendant orally promised plaintiff that he would personally pay the prior indebtedness and any future amounts incurred, if they would extend him further credit and deliver the merchandise needed by General Metals to complete its outstanding contracts. Pursuant to this agreement, plaintiff delivered upon defendant's order additional steel of the value of $1,-545.54 between May 20, 1966, and September 13, 1966. On April 28, 1967, defendant executed a promissory note for the total amount of the indebtedness, $2,293.25. After maturity of the note, defendant refused to pay, and this action was filed.

Defendant contends the trial court erred by granting judgment because the note was incomplete. The note was a standard printed form; in the upper left-hand corner there was a dollar sign and the blank had

Horace J. Knowlton, Salt Lake City, for appellant.

E. Earl Greenwood, Jr., Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff, through its Pacific Metals Division, initiated this action to reform

been filled with the typewritten figure, $2,293.25. On the fourth line of the instrument there is a blank upon which to designate by words the dollar amount involved; this space was not filled in.

■ The trial court found that the note was genuine, was executed by defendant and delivered to plaintiff. The words were omitted through clerical error and mistake at the time the note was signed; the parties mutually intended the note to be executed as a valid and complete instrument to secure payment by defendant personally of the obligation of $2,293.25, charged to the account of General Metals Company. Based on the foregoing findings, the trial court reformed the instrument by adding the words "Two Thousand Two Hundred Ninety Three and 25/100" Dollars to the blank space in the note.

Section 70A–3–115(1), U.C.A.1953, as amended 1965, provides:

When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed.

The record fully supports the findings of the trial court; there was no error committed by the completion of the note in accordance with the authority given.

■ Defendant asserts that there was no consideration to support the note.

Section 70A–3–408, U.C.A.1953, as amended 1965, provides:

Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 70A–3–305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. * * *

Comment 2 to Uniform Commercial Code, Section 3–408, states:

·2. The "except" clause is intended to remove the difficulties which have arisen where a note or a draft, or an indorsement of either, is given as payment or security for a debt already owed by the party giving it, or by a third person. * * *1

The trial court concluded as a matter of law that no consideration for the note was necessary to establish a valid obligation between the parties, where the note

---

1. Also see 11 Am.Jr.2d, Bills and Notes, § 229, p. 257; Katski v. Boehm, 249 Md. 568, 241 A.2d 129 (1968); United Burner Service, Inc. v. George Peters & Sons, Inc., 5 U.C.C.Reptr.Serv. 383, 384 (1968), wherein the court held that there was sufficient consideration for the notes executed by defendants in their individual capacity as payment for a debt owed by a third party corporation.

was given as security for an antecedent obligation of General Metals Company. This conclusion is fully in accord with Section 72A–3–408.

The court further found that there was adequate consideration for the note in that plaintiff, in reliance on defendant's promise to pay the old account of General Metals in the amount of $747.71 and for the additional merchandise furnished upon defendant's order in the amount of $1,545.-54, did not bring an action against General Metals or attach its accounts receivable. The evidence indicates that this act of forbearance enabled defendant to pay himself a salary from the accounts receivable.[2]

Finally defendant contends that it was not his signature upon the note and that he wrote his name "just as a facetious act." His argument is premised on the assertion that he did not know the legal effect of affixing his signature to the instrument. This point of appeal is without merit. The record amply supports the judgment of the trial court.

The judgment of the trial court is affirmed. Costs are awarded to plaintiff.

CROCKETT, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

2. See 11 Am.Jr.2d, § 230, pp. 258–259, wherein it is stated: "Similar to an extension of time, actual forbearance or a promise or agreement to forbear to sue on a claim on which the creditor has the right to sue, or to exercise any legal right, is consideration for a promise on commercial paper even though the promise is by a third person who is a stranger to the original obligation, irrespective of interest in, or benefit from, the delay, the disadvantage of forbearance being sufficient. * * *"