Argued September 15, affirmed December 22, 1971
# MUSULIN, *Respondent, v.* WOODTEK, INC., *Appellant.*
491 P2d 1173

John R. Bakkensen, Portland, argued the cause for appellant. With him on the briefs were Miller, Anderson, Nash, Yerke & Wiener.

*William A. Palmer,* Portland, argued the cause for respondent. On the brief were Casey, Palmer & Feltz.

Before O'CONNELL, Chief Justice, and McALLISTER, TONGUE, HOWELL, and BRYSON, Justices.

McALLISTER, J.

This is an action on a promissory note in the amount of $80,000, executed in the name of defendant Woodtek, Inc., by Charles Bernert, defendant's general manager and vice president. Plaintiff is the payee. Woodtek defended on the grounds that there was no consideration for the note, and that Bernert was without authority to execute it. The trial was to a jury, which returned a verdict for plaintiff. Defendant appeals from the judgment entered on the verdict.

The note was given in connection with the purchase by defendant of all the shares in Musulin Forest Products, Inc., in which plaintiff and his son were the sole shareholders. Payment for the Musulin shares

was in the form of shares in Woodtek, and the note was no part of the purchase price. Plaintiff contended that the note was given, together with a check for $10,413.09, in settlement of debts owed plaintiff by Musulin Forest Products for money which he had advanced to the corporation.

The trial court instructed the jury as follows:

"* * * You are instructed that under the law no consideration is necessary for a promissory note given in payment of an antecedent or pre-existing obligation of any kind. * * *"

"I instruct you that an antecedent or pre-existing obligation is not required to be the obligation of the maker of the promissory note. It include[s] the obligation of a third party owed to the person in whose favor the note is made. * * *"

"So, if you find that the note which is the subject of this action was made and delivered by defendant in payment of an antecedent and pre-existing obligation owed by Musulin Forest Products, Inc., to plaintiff, you must find for the plaintiff on the issue of lack of consideration. * * *"

Defendant contends that these instructions were erroneous, and that the jury should have been instructed to find for defendant if it found that defendant received no consideration for the note.

■ The defense of lack of consideration in an action on a promissory note is governed by ORS 73.4080 (UCC 3-408), which provides:

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course as provided in ORS 73.3050, except that no consideration is necessary for an instrument or obigation thereon given in payment of or as security for an antecedent obligation of any kind. * * *"

The comments to UCC 3-408 indicate that the drafters intended the words "an antecedent obligation of any kind" to include the antecedent debt of a third party:

"2. The 'except' clause is intended to remove the difficulties which have arisen where a note or a draft, or an indorsement of either, is given as payment or as security for a debt already owed by the party giving it, *or by a third person.* The provision is intended to change the result of decisions holding that where no extension of time or other concession is given by the creditor the new obligation fails for lack of legal consideration. * * *"
(Emphasis added.)

These comments were a part of the 1958 Official Text of the Uniform Commercial Code, published by the American Law Institute and the National Conference of Commissioners on Uniform State Laws, the current version of the Uniform Commercial Code at the time ORS 73.4080 was enacted by our legislature. Oregon Laws 1961, ch 726, § 73.4080. The language is the same in subsequent versions of the UCC.

The statute was interpreted in accord with the drafters' intent, as found in the above comment, in *A. M. Castle & Company v. Bagley,* 24 Utah 2d 136, 467 P2d 408 (1970) and in *United Burner Service, Inc. v. George Peters & Sons, Inc.,* 5 UCC Rptr 383 (NY Sup Ct 1968).

Defendant relies on *Capital City Bank v. Baker,* 59 Tenn App 477, 442 SW2d 259 (1969) in which the court held that UCC 3-408 does not change the existing Tennessee rule that new consideration is required for a note given in payment of or as security for the antecedent debt of a third party. This construction of the statute is in direct conflict with its terms, and we decline to follow it. We hold that the trial court's in-

structions correctly stated the law according to the provisions of ORS 73.4080.

■ Defendant also contends that the jury was improperly instructed on the issue of the authority of Charles Bernert, defendant's general manager and vice president, to sign the note. The instructions complained of were:

"You are instructed that a signature on a promissory note of a corporation may be made by an agent or other representative, including an officer or any other person empowered to act for the corporation, and his authority may be established as in other cases of representation. The power to sign for a corporation may be an actual authority, or it may be implied or it may rest upon apparent authority.

\* \* \* \* \*

"You are instructed then that since corporations can only act through their officers and agents, they have power to appoint agents with full authority to act for the corporation, and as a general rule all acts within the powers of a corporation may be performed by agents of its own selection. Express authority by resolution directing officers and agents to represent the corporation in the execution of contracts is not indispensible to the exercise of their power. A person who knows that the agent of a corporation habitually transacts certain kinds of business for such corporation under circumstances which necessarily show knowledge on the part of those charged with the conduct of the corporate business has the right to assume that such agent is acting within the scope of his authority."

These instructions appear to have been taken from *Sherman-Clay Co. v. Buffum & Pendleton*, 91 Or 352, 358, 179 P 241 (1919), and from ORS 73.4030 and the

official comments to UCC 3-403. ORS 73.4030 (1) provides:

> "A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. * * *"

"Representative" is defined by ORS 71.2010 (35) to include

> "* * * an agent, an officer of a corporation or association, and a trustee, executor or administrator of an estate, or any other person empowered to act for another."

Defendant points out no specific vice in the above instructions, contending generally that they conflict with the rule, stated in *Du-Bois Matlack Lumber Co. v. Davis Lbr. Co.,* 149 Or 571, 42 P2d 152 (1935), that a corporation's president and vice president have no inherent power to execute commercial paper on behalf of the corporation and that a party dealing with such an officer has a duty to ascertain the extent of his authority. There is no direct conflict between the trial court's instructions and the *Du-Bois Matlack* case. That case recognized the possibility that a corporate officer might have apparent authority to execute commercial paper even though he had no actual authority to do so. The last sentence of the instructions quoted above was an adequate statement of the law of apparent authority under the facts of this case. See *Sherman-Clay Co. v. Buffum & Pendleton,* supra, 91 Or at 358; see, also, *Cascade Warehouse v. Dyer,* 256 Or 377, 471 P2d 775, 474 P2d 325 (1970). The instructions were a correct statement of the law.

Defendant argues on appeal that there was no evidence to support a finding that Bernert had ap-

parent authority to execute the note. However, the basis of defendant's exception in the trial court was that the instructions incorrectly stated the law, not that the evidence did not justify the submission of the issue of apparent authority to the jury.

■ Defendant has also assigned as error the failure of the trial court to give the following requested instruction:

> "The vice president of a corporation has no inherent power to execute a note which will be binding upon the corporation. A person dealing with the vice president of a corporation is charged with notice that the vice president has no inherent power to execute a note in behalf of the corporation. * * *"

This requested instruction is based on language in the *Du-Bois Matlack* case, in which this court held that the circuit court, sitting without a jury, had correctly decided that a note had been executed without authority. The opinion states:

> "It is settled law in this state that, unless so provided in the by-laws or expressly authorized by the board of directors, the president of a domestic corporation has no inherent power to make, accept or indorse for the corporation any bill, note or bond which will be binding upon the company and, of course, the vice-president, who can only act as such in the absence of the president, can have no greater power. * * *" 149 Or at 575.

Later in the opinion the court said:

> "Again, the bank was charged with notice that the president of a corporation has no inherent power to execute negotiable paper in its name and, when this application for the loan was made by Davis, the bank knew or should have known that it was not customary for both the president and the vice-president of a corporation to sign the name of

the company in issuing negotiable paper. * * *"
149 Or at 579.

These statements are quite correct in the context in which they were made. The president and vice president of a corporation have no power derived from their offices alone to execute promissory notes for the corporation, and a party dealing with a corporate vice president may not assume from his title alone, that he has such authority.

■ However, we do not believe that the language of the opinion, as used in the requested instruction, was appropriate for the instruction of the jury in the present case. We have pointed out that it is often not proper to frame jury instructions in the language of the appellate decisions. *Ireland v. Mitchell*, 226 Or 286, 294, 359 P2d 894 (1961); *Alford v. Cochran*, 189 Or 24, 29, 216 P2d 667 (1950).

The trial court instructed the jury, at defendant's request, that plaintiff had the burden of proving the signature on the note was authorized by "actual, implied or apparent authority" and properly explained the burden of proof. Also at defendant's request, the jury was instructed that a signature on a note is unauthorized if the person signing is without actual, implied or apparent authority, that one may not rely upon the mere statement of the vice president as to his authority to sign the note, and that the actual authority of a corporation vice president "refers to what the corporation through the board of directors or the bylaws expressly authorized the vice president to do in behalf of the corporation." Defendant did not request any instructions defining implied authority and apparent authority.[1]

---

[1] The trial court instructed the jury on the law of apparent authority without, however, referring to it as such.

The requested instruction would have added to the unexplained categories "implied authority" and "apparent authority," a third, also unexplained—"inherent authority"—which was not mentioned in the general instructions. It would also have told the jury that plaintiff was "charged with notice" of this lack of inherent authority, ignoring the fact that such notice would only be important in the absence of circumstances establishing apparent authority, a factor which was given adequate attention in the *Du-Bois Matlack* case.

In addition to being in language which was inappropriate for a jury instruction, the requested instruction was concerned with a question already covered by the court's general instructions placing on plaintiff the burden of proving Bernert's authority to sign the note. It was clear from the instructions given that proof that Bernert was vice president of the corporation did not suffice to prove that he was authorized to sign notes in its name. In *Kiddle v. Schnitzer et al,* 167 Or 316, 327, 114 P2d 109, 117 P2d 983 (1941) we stated that it is within the trial court's discretion "whether to enlarge upon any particular subject covered by general instructions." And in *Phipps v. Stancliff,* 118 Or 32, 37, 245 P 508 (1926) it was held not error to refuse to give an instruction which correctly states the law when the issues were fully covered by the instructions given, and the effect of the requested instruction would be to single out one particular aspect of the evidence and draw attention to it. See, also, *Gentry v. States Steamship Co.,* 229 Or 233, 249, 366 P2d 880 (1961) holding there is no reversible error when the trial court refuses to give an instruction which is merely cautionary and cumulative. The trial

court did not err in refusing to give defendant's requested instruction.

■ Defendant also complains of the trial court's denial of its motion for leave to file an amended answer. The proposed amended answer which was tendered with the motion included counterclaims for rescission of defendant's agreement to purchase the Musulin stock, based on allegations of misrepresentation and fraudulent misrepresentation by plaintiff and his son. It appears from the face of that proposed answer that plaintiff's son Mike Musulin was a party to the stock purchase agreement and the owner of one half of the Musulin shares purchased by defendant. Rescission of that agreement could not have been decreed without affecting the rights of Mike Musulin.

ORS 16.300 provides:

"(1) The counterclaim * * * must be one existing in favor of the defendant, and against a plaintiff, between whom a several judgment might be had in the action, * * *."

The proposed counterclaims in this case were not simply claims against plaintiff, but against plaintiff and his son, who was not a party to the original action. In *McGilchrist v. Fiedler,* 155 Or 616, 65 P2d 388 (1937), it was held that a counterclaim against the plaintiff and others was not permissible under the statute but raised questions which would have to be litigated in a separate proceeding. The trial court was correct in denying defendant's motion.

There is one additional assignment of error which is entirely without merit, and which requires no discussion.

Affirmed.