502 P.2d 965 (1972)
STATE BANK OF GREELEY, Plaintiff-Appellee,
v.
Robert E. OWENS et al., Defendants-Appellants,
Lemax Corporation and William R. Meller and Associates, Inc., Defendants.
No. 71-197.
Colorado Court of Appeals, Div. I.
October 25, 1972.
Smith, Bohlender, Rucker & Venable, James R. Rucker, Jr., William E. Bohlender, Greeley, for plaintiff-appellee.
Waldo & Waldo, Ralph E. Waldo, Greeley, for defendants-appellants Robert E. Owens and Max M. Baldwin.
*966 Houtchens, Houtchens & Dooley, S. Robert Houtchens, Greeley, for defendant-appellant Leo A. Donily.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
State Bank of Greeley, (Bank) sued to recover the balance due on a note, made and executed by defendant Lemax Corporation (Lemax), and endorsed by defendants Owens, Donily and Baldwin. William R. Meller and Associates, Inc., (Meller) was also joined as a defendant. After a trial to the court, judgment was entered for the Bank against all defendants. Only Owens, Donily and Baldwin (appellants) appeal. We affirm.
The facts are not in dispute. Lemax executed a note payable to the order of the Bank as payee, on August 3, 1966, with payment due on November 3, 1966. This note was guaranteed by Meller. On August 30, 1966, at the request of the Bank, the appellants executed an agreement guaranteeing payment of the note. The note was not paid at maturity, and on February 3, 1967, Lemax executed a new note which was due and payable on August 6, 1967. The appellants executed an endorsement on this note which read, "For value received, I/we hereby guarantee the payment of the within note at maturity . . . ." This second note was not paid, and the Bank brought this action to recover on this note. At the time of the execution of the second note, Lemax was insolvent.
Appellants contend they are not liable on their guarantee for three reasons:
1. Lack of consideration,
2. A worthless obligation is not an "antecedent obligation" as that term is used in the Uniform Commercial Code. (C.R.S. 1963, XXX-X-XXX), and
3. The Bank was the party accommodated in the transaction and therefore cannot recover on the endorsement.
Determination of the first two issues, which we consider together, depends on the application of the Uniform Commercial Code to the facts of this case. C. R.S.1963, XXX-X-XXX, provides:
"Want or failure of consideration is a defense . . . except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." (Emphasis supplied.)
Here the renewal note was given "in payment of or as security for" the antecedent obligation to pay the loan that Lemax had obtained from the Bank. Additionally, the extension of time for the payment of the obligation constitutes consideration. Wheelock v. Hondius, 74 Colo. 400, 222 P. 404.
It is immaterial that at the time the renewal note was given Lemax Corporation was insolvent and unable to pay the obligation at its maturity. Lemax's obligation to pay the loan remained and was unaffected by its financial circumstances. Under the unequivocal language of XXX-X-XXX, no consideration was necessary for the Lemax renewal note. The second note being valid, appellants' endorsement as guarantors is binding. Official Comment 2, following section 155-3-408, indicates that the purpose of the section is to foreclose the exact defense which defendants attempt to interpose here. See Musulin v. Woodtek, Inc., Or., 491 P.2d 1173; A. M. Castle & Co. v. Bagley, 24 Utah 2d 136, 467 P.2d 408.
Appellants contend that, because they endorsed the renewal note at the Bank's request, the Bank became the party accommodated. This contention is without merit. It is appellants' theory that if the Bank is the party accommodated, defendants are not liable to it, under C.R.S.1963, 155-3-415(5), for their accommodation endorsement. However, the party accommodated is the one to whom the name of the accommodation party is loaned. C.R.S. 1963, 155-3-415(1). The payee may derive incidental benefit from the accommodation but that does not, ipso facto, make the payee the party accommodated. In this instance, Lemax obtained an extension of its obligation to repay the Bank as a result of the defendants' endorsement of its renewal note. The mere fact that the accommodation endorsement was made at the request *967 of the Bank does not alter Lemax's position as the beneficiary of the defendants' endorsement. Lemax was the maker of the instrument to which the defendants lent their names. Lemax Corporation was the party accommodated in this transaction. The defendants are liable, as accommodation endorsers, to the holder of the renewal note. Security Savings and Loan Ass'n v. Colorado Real Estate Development, Inc., 163 Colo. 155, 429 P.2d 288; C.R.S.1963, 155-3-415(2).
The judgment is affirmed.
DWYER and SMITH, JJ., concur.