Argued and submitted November 17, reversed and remanded December 31, 1986

BOWERS et al,
*Appellants,*

*v.*

WINITZKI et al,
*Respondents.*

SACHER et al,
*Appellants,*

*v.*

WINITZKI et al,
*Respondents.*

(16-83-03970 & 16-83-03968; CA A38470 & A38471)
(Cases consolidated)

730 P2d 1253

Douglas A. Haldane, Eugene, argued the cause and filed the brief for appellants.

Harold D. Gillis, Eugene, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs in these consolidated cases seek to recover on two promissory notes signed by defendant Sletten for himself and as the purported attorney in fact for defendants Winitzki and Mercer.[1] The only evidence plaintiffs produced to show that Sletten had authority to sign the notes for defendants were the signed notes themselves. Defendants rested without putting on evidence and moved for a directed verdict on the ground that plaintiffs had not proved Sletten's authority. The trial court granted the motion,[2] and plaintiffs appeal from the resulting judgment. We reverse and remand.

ORS 73.3070(1) provides:

"Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue:

"(a) The burden of establishing it is on the party claiming under the signature; but

"(b) The signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required."

ORS 73.4030(1) provides:

"A signature may be made by an agent or other representative, and authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority."

■ ■ Plaintiffs argue that the notes bearing Sletten's writings of defendants' names are sufficient to create a presumption of authority, that defendants did not rebut that presumption and that the trial court therefore erred by allowing defendants' motion for a directed verdict.[3] ORS 73.3070(1)

---

[1] Winitzki and Mercer are the only defendants who are parties to these appeals, and the term "defendants" refers to them.

[2] The case was tried to the court, and any factual questions were in a posture to be decided. However, because the court granted the motion, our review is confined to whether there was evidence on which a judgment for plaintiffs *could* have been based.

[3] Plaintiffs also argue that, because defendants' denial was predicated on a lack of information sufficient to form a belief, it was not a specific denial sufficient to meet the statutory requirement. Plaintiffs rely on *Hanson v. Johnson et ux.,* 143 Or 532, 23 P2d 333 (1933), for the proposition that such a denial is a "sham" when it relates to a

lends support to plaintiffs' view. However, ORS 73.4030(1) makes the proof[4] of authority to execute instruments subject to the same standards as "in other cases of representation." The general rule is that the party asserting the relationship giving rise to authority "has the burden of proving [its] existence and extent." *B & D Investment v. Petticord,* 48 Or App 345, 352, 617 P2d 276, *rev den* 290 Or 302 (1980). That rule was implicitly applied in *Musulin v. Woodtek, Inc.,* 260 Or 576, 491 P2d 1173 (1971), the previous Oregon case where there was an issue under ORS 73.4030(1) of a representative's authority to sign an instrument.

It does not follow, however, that the presumption that ORS 73.3070(1) creates is inconsistent with the general standard of proof embodied in ORS 73.4030(1). The comment to ORS 73.3070 states that the presumption

"means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized the plaintiff is not required to prove that it is authentic. The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of the defendant or more accessible to him. He is therefore required to make some sufficient showing of the grounds for his denial before the plaintiff is put to his proof. His evidence need not be sufficient to require a directed verdict in his favor, but it must be enough to support his denial by permitting a finding in his favor. Until he introduces such evidence the presumption requires a finding for the plaintiff. Once such evidence is introduced the burden of estabishing the signature by a

---

matter within the answering party's knowledge. Defendants answer:

"In this case, the denial was properly based upon insufficient information to form a belief, because the allegations concerned the acts of Sletten, rather than the acts of Winitzki and Mercer. The only way Defendants could have been more specific would have been for them to make affirmative allegations. ORS 73.3070 makes no such requirement."

Assuming that the *Hanson* rule survives the adoption of ORCP 19, we agree that the way plaintiffs phrased their allegation made defendants' answer adequate to join issue.

[4] Like ORS 73.3070(1), ORS 73.4030(1) uses the term "established" rather than "proved." The word "established" is ambiguous, in that it can refer to the creation rather than the proof of the relationship. However, the comment to ORS 73.4030 makes it clear that the word is used at least in part in the latter sense. It states that authority "may be established as in other cases of representation, and when relevant parol evidence is admissible to prove or to deny it." *Oregon's Uniform Commercial Code* 157 (1962); *see also Musulin v. Woodtek, Inc., infra.*

preponderance of the total evidence is on the plaintiff."
*Oregon's Uniform Commercial Code* 154 (1962).

*See also* White and Summers, *Uniform Commercial Code* 490
(2d ed 1980).

■    We conclude that the relationship between the two
statutes is that, once a party has produced the evidence
necessary to give rise to the presumption under ORS
73.3070(1), it is not necessary to make the further showing
called for by ORS 73.4030(1) until the other party has offered
evidence to rebut the presumption. Plaintiffs' evidence here
was sufficient to create the presumption. Defendants argue
that, notwithstanding that they rested without offering evi-
dence, the presumption was rebutted. Their theory is that
they had executed powers of attorney authorizing Sletten to
sell real estate on their behalf, that those instruments did not
authorize Sletten to execute the promissory notes in defen-
dants' names, that the powers of attorney were attached to
and/or inquired about in plaintiffs' requests for admissions
and that defendants admitted their authenticity. Defendants
conclude:

> "[T]he special powers were introduced by Plaintiffs them-
> selves, in their requests for admissions; they were conclusively
> established by Defendants' answers to the requests, which
> admitted the authenticity of the powers. ORCP 45D."

We do not agree that the events defendants describe
resulted in a rebuttal of the presumption. Even assuming that
the court could consider the substance of the powers of
attorney, given the procedural posture of the case, all that
those instruments could show is that *they* did not authorize
Sletten to execute the promissory notes on defendants' behalf.
Defendants made no showing that the powers of attorney were
the sole authority that they had conferred on Sletten or that
they had not authorized him by other means to execute the
notes.[5] Because plaintiffs had the benefit of the unrebutted
presumption, the trial court erred by directing a verdict
against them.[6]

---

[5] Defendants denied plaintiffs' request for admission that the promissory notes
were executed by Sletten as their attorney-in-fact. That *denial* is without effect. *See*
ORCP 45D.

[6] Plaintiffs do not now contend, through an assignment of error, that *they* were
entitled to a directed verdict or to judgment as a matter of law.

Reversed and remanded.