[Civ. No. 5681.   Fourth Dist.   Apr. 6, 1959.]

BONADELLE CONSTRUCTION COMPANY (a Corporation), Appellant, v. RUFUS HERNANDEZ, JR. et al., Respondents.

Wallace G. Quinlisk for Appellant.

Ralph E. Wallace for Respondents.

GRIFFIN, P. J.—This is an action for specific performance or damages. On January 9, 1957, respondents (a young war veteran and his wife) signed a deposit receipt for the purchase of a described lot and of a house to be erected thereon, according to "Plan 3-H" (corner). The foundation had already been laid. It was orally agreed it would be in accord with the requirements of the Veterans' Administration and similar in appearance to a model house located near-by which was shown to defendants by plaintiff's agent. A skeleton escrow instruction was signed and a loan application made at plaintiff's field office. It provided in general for payment of $50 down and an additional $3,300 in 50 days plus the proceeds of a "G. I." loan subject to receiving it, at a total price of $14,850, plus the usual impounds and plus a one per cent of total loan. "Seller hereby agrees with the purchaser that the proposed construction shall be completed in accordance with the plans and specifications submitted to the V. A. under Master C. R. V." Application for the loan was made by defendants and it was duly processed and the house was constructed. Plaintiff executed a grant deed to the property which was placed in escrow about March 15, 1957. Within two days after the exterior color coat stucco of the house had been applied by means of a spray gun defendants noticed it was streaked and blotched over a great area. Defendants notified the salesman of plaintiff company who negotiated the deal that the house was unsatisfactory and not acceptable to them in that condition. The agent told them to wait about a week and it would dry out in even color. They waited and it was still streaked and blotched. No steps were taken by plaintiff to correct the condition. Several demands were made by defendants to have them do so and each time plaintiff insisted defendants take possession and they would correct the condition afterward, because the time for completion was April 6, 1957, and on that date defendants' loan rights would expire. Plaintiff refused to remedy the unsatisfactory stucco job. Defendants refused to accept and orally rescinded the con-

tract. Plaintiff then brought this action. After trial the court found generally in accordance with defendants' evidence, as above related, and found, in addition, that the defect was a material one; that plaintiff had ample time and ample notice to correct it, and the failure to do so was wilful and intentional.

The evidence fully supports the finding. In fact, a Veterans' Administration Inspector, called by plaintiff, first testified that the stucco finish was "generally uniform" and met minimum requirements of the Veterans' Administration, but upon being questioned by the court he changed his testimony and admitted it did not do so. The color slides in evidence depicting the stucco coloring on the house show a streaked and blotched appearance and fully support the court's finding in this respect.

The argument of plaintiff on this appeal, as we view it, is that sections 3390 and 3391 of the Civil Code set forth the obligations that are not specifically enforceable and that the contract here involved does not fall within the provisions of either section; that by the terms of section 3392 of the Civil Code, as a matter of law, plaintiff should have been given judgment since the evidence conclusively shows that plaintiff *substantially* performed all the provisions of the contract, citing *Murphy* v. *Sheftel*, 121 Cal.App. 533, 540 [9 P.2d 568] ; and *Connell* v. *Higgins*, 170 Cal. 541, 556 [150 P. 769].

In this connection it is argued that the failure of a building contractor to comply strictly with construction specifications in some minor matter is not necessarily such failure of performance as would warrant rescission by the owner, and that there is no evidence of plaintiff's failure to perform being wilful or intentional, citing *Giberson* v. *Fink*, 28 Cal.App. 25 [151 P. 371] ; *Brown* v. *Roberts*, 121 Cal.App. 654 [9 P.2d 517] ; and *Lifton* v. *Harshman*, 80 Cal.App.2d 422 [182 P. 2d 222].

In the instant case it might well appear that the failure of plaintiff to perform according to the specifications and the federal minimum requirements, after notice of the condition, was wilful and intentional. (*Parsons* v. *Smilie*, 97 Cal. 647 [32 P. 702] ; *May* v. *New York Motion Picture Corp.*, 45 Cal. App. 396 [187 P. 785] ; *Davis* v. *Morris*, 37 Cal.App.2d 269 [99 P.2d 345].) Even the testimony of the president of plaintiff company seems to support this finding. It reads:

"Q. What was wrong with this house?

"A. Just faded out.

"Q. How long a period of time——

"A. I have seen it, I am real familiar with it your Honor.

"Q. When was the paint put on?

"A. Just before we completed it in March.

"Q. And when did you first notice the fading?

"A. In a week.

"Q. What did you do thereafter?

"A. We just let her set until we get ready and want to go over it."

As said in *Connell* v. *Higgins, supra,* relied upon by plaintiff,

"The definition of substantial performance is difficult to give in general terms. It is usually a question to be determined in each case with reference to the existing facts and circumstances." And quoting from 2 Elliott on Contracts, par. 1607, it is said at page 912:

" 'Substantial performance means that there has been no willful departure from the terms of the contract, no omission of any of its essential parts, that the contractor has in good faith performed all of its substantive terms. . . .' Whether, in any case, such defects or omissions are substantial, or merely unimportant mistakes that have been or may be corrected, is generally a question of fact."

A partial failure of consideration resulting from the wilful failure of plaintiff to perform a material part of the contract is sufficient to justify defendants' rescission. (*Sterling* v. *Gregory,* 149 Cal. 117 [85 P. 305]; *Torrey* v. *Shea,* 29 Cal.App. 313, 319 [155 P. 820]; *Taylor* v. *United States Fidelity & Guaranty Co.,* 86 Cal.App. 382 [260 P. 898]; *El Rio Oils Ltd.* v. *Chase,* 95 Cal.App.2d 402 [212 P.2d 927].) The judgment in favor of defendants was justified. The motion for new trial was properly denied.

Judgment affirmed.

Mussell, J., and Shepard, J., concurred.

A petition for a rehearing was denied April 24, 1959.