DUSEK, Plaintiff and Appellant

v.

REESE et al., Defendants and Respondents

(119 N.W.2d 656)

(File Nos. 9970, 9990. Opinion filed February 15, 1963)

**Bangs, McCullen, Butler & Foye,** Rapid City, for Plaintiff and Appellant.

**Morrill & Morrill,** Sturgis, for Defendants and Respondents.

HANSON, P. J.  The plaintiff, Fred Dusek, seeks rescission of an alleged contract relating to the ownership and collection of certain accounts receivable. So far as material the trial court entered judgment (1) quieting title to the accounts in the defendant Northwest Realty Company subject to an interest of 10% therein in plaintiff, (2) ordering an accounting between the parties and appointing a referee for such purpose, and (3) dismissing the action against the defendants, Sheldon F. Reese and the Acme Company. Plaintiff has appealed from the whole of such judgment and the Northwest Realty Company appeals from that portion allowing plaintiff a 10% interest in the accounts and for an accounting.

In August 1960 the Internal Revenue Service of the United States levied upon all the assets of the Furniture Exchange, Inc., of Rapid City, South Dakota and a receiver was appointed to take charge of and sell the same. Dusek was president of Furniture Exchange, Inc. In his complaint plaintiff alleged that on or about December 16, 1960, he purchased and was the owner of all the accounts receivable of the Furniture Exchange, Inc.; that on or about December 17, 1960 he entered into an agreement with defendants for the collection of said accounts and for the advancement of money to purchase the same, upon consideration the accounts would be collected in plaintiff's place of business in Rapid City; and upon making collection defendants were to reimburse themselves for the amount advanced with legal interest and were further to receive the sum of 10% on all amounts collected.

In accordance with the allegations of his complaint plaintiff testified at the trial, in substance, that he was the owner of the accounts receivable; that he had purchased them from the Receiver through his agent, Joe Laugel; the defendant Northwest Company had loaned him the sum of $21,000 to pay for the accounts; and Northwest was to be reimbursed with interest out of the collections and also was to receive 10% of all the accounts collected. On the other hand, defendant claimed it purchased the accounts from Dusek for the sum of $21,000 and Dusek was to collect the accounts in his store for which he was to receive 10% of the accounts collected.

Contrary to plaintiff's allegations and proof as to the nature of the agreement and relationship between the parties the trial court made and entered the following findings of fact:

"I

"That at a receiver's sale held on December 16th, 1960, Joe Laugel, as agent for the plaintiff, Fred Dusek, for the benefit of the plaintiff, Fred Dusek, made and entered a bid in the amount of $21,000 for lot No. 2 of the items duly advertised for sale by the receiver, which Lot No. 2 consisted of accounts receivable of Furniture Exchange, Inc., of Rapid City, South Dakota, and at the time of making the bid of $21,000 for said accounts receivable paid to the receiver ten per cent of the amount of the bid, being $2,100. That thereafter order confirming sale was duly made and entered by the United States District Court for the District of South Dakota, and that Fred Dusek thereupon became entitled to all bills and accounts receivable of Furniture Exchange, Inc., of Rapid City, South Dakota, generally described in the notice of sale as Lot No. 2.

"II

"That subsequent to the date of sale, and on or prior to December 23rd, 1960, plaintiff, Fred Dusek, entered into an agreement with the Northwest Realty Company by and through its President, Sheldon F. Reese, by the terms of which the parties agreed orally that the Northwest Realty Company would purchase the accounts and bills receivable for the sum of $21,000 and the plaintiff, Fred Dusek, would collect said accounts at his store in Rapid City, South Dakota, for ten per cent of the amounts collected on said accounts. The consideration thereby agreed upon between Fred Dusek and the Northwest Realty Company being $21,000, and ten per cent of the amounts collected on the condition that plaintiff, Fred Dusek, would handle at his store the collecting of the accounts receivable, and that on the 23rd day of December, 1960, at the Rushmore State Bank in Rapid City, Penning-

ton County, South Dakota, for the purpose of effecting the agreement, the Northwest Realty Company, through its officer, agent, and employees, paid to Joe Laugel, the duly authorized agent of Fred Dusek, the plaintiff, for the benefit of Fred Dusek, the sum of $2,100, and to the receiver, the sum of $18,900, and bill of sale of accounts receivable was duly delivered to Joe Laugel conveying the accounts receivable described as Lot 2 in the notice of sale, Joe Laugel at that time being the duly authorized agent of the plaintiff, Fred Dusek, and receiving the conveyance on behalf of and for the benefit of Fred Dusek, and that thereupon in the further completing of the agreement, Joe Laugel, in the presence of, and at the instance of the plaintiff, Fred Dusek, did execute and deliver to the Northwest Realty Company an assignment, assigning to the Northwest Realty Company all accounts receivable contained in Schedule A, annexed to the assignment, which Schedule A had been prepared by the Northwest Realty Company by and through its officers, agents, servants, and employees, which assignment was delivered to Northwest Realty Company at the instance and request, and in the presence of the plaintiff, Fred Dusek, and was duly accepted by the Northwest Realty Company by and through its duly constituted officers, agents, or employees.

"III

"That at the same time and place on December 23rd, 1960, for the purpose of further carrying out the agreement, and for the purpose of properly preserving to the benefit of the parties, the proceeds received from the accounts receivable, there was established at the Rushmore State Bank for the deposit of the proceeds received from said accounts, Northwest Realty Company Account No. 10, and that a book of deposit slips for use in making the deposits in the Rushmore State Bank to the Northwest Realty Company Account No. 10, was furnished and delivered to the plaintiff, Fred Dusek.

## "IV

"That the written assignment executed and delivered by Joe Laugel to Northwest Realty Company set out that the consideration for the sale and the assignment was $21,000, but the actual consideration for the sale and assignment of the accounts receivable to Northwest Realty Company was the sum of $21,000 plus ten per cent to Fred Dusek of the accounts receivable actually collected by Fred Dusek at his place of business, being the store in Rapid City, Pennington County, South Dakota.

## "V

"That Fred Dusek, immediately after the meeting of December 23rd, 1960, provided a place at his store for the collection of the accounts, and made himself available, ready, willing, and able to carry out the terms of the agreement with reference to the collection of the accounts, and proceeded to enter into his duties in connection therewith, and that the Northwest Realty Company, through its President, Sheldon F. Reese, by letter dated January 7th, 1961, repudiated the agreement with reference to the collection of the accounts by Fred Dusek, plaintiff, and thereby and thereafter prevented the plaintiff, Fred Dusek, from carrying out the agreement with reference to the collection of the accounts through no fault on the part of the plaintiff, Fred Dusek.

## "VI

"That the plaintiff, Fred Dusek, did thereafter commence the present action for rescission of the agreement, and did thereby tender to the defendants herein, return of $21,000 plus interest thereon for the accounts receivable and prayed that title to the accounts receivable be quieted in the plaintiff, Fred Dusek. That the only notice of rescission was by virtue of the pleadings in the above-entitled action."

Plaintiff does not question the verity of the findings of fact entered by the trial court although they are substantially contrary

to his allegations and proof. Instead, he contends the conclusions of law and judgment are erroneous in view of such findings. More specifically, he claims to be entitled to a rescission of the contract which the court found existed as he was deprived of the right to collect the accounts in his store by defendant's breach of the collection feature of the agreement. He relies largely upon SDC 10.0802 which authorizes rescission in case of a partial failure of consideration as follows: "A party to a contract may rescind the same in the following cases only: * * * (2) If through fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part * * *."

In its finding of fact No. 5 the trial court found that plaintiff was ready, willing, and able to carry out the terms of the agreement with reference to the collection of the accounts. Significantly, the trial court did not find that plaintiff was ready, able, and willing to carry out all the terms of the contract. Nor could such a finding be sustained in view of plaintiff's own testimony that he owned the accounts at the time of defendant's breach and was entitled to 90% of the collections. It is elemental that "One seeking the rescission of a contract on the ground of the failure, refusal, or inability of the other party to perform it must show that he, for his part, is both able and willing to discharge all the obligations which the contract casts upon him." 3 Bl.Resc. (2d Ed.) § 565, p. 1389.

Furthermore, rescission of a contract is not generally permitted "for a casual, technical, or unimportant breach or failure of performance, but only for a breach so substantial as to tend to defeat the very object of the contract." 1 Bl.Resc. (2d Ed.) § 197, p. 550. The same principle applies to rescission based upon partial failure of consideration under our statute. Such a breach must also be substantial or relate to a material part of the contract. That is the conclusion reached by other courts in construing identical statutory provisions. For instance a breach of contract which is not substantial is an insufficient basis for rescission in North Dakota under subdivision 2 of section 9-0902 NDRC 1943, Schaff v. Kennelly, N.D., 61 N.W.2d 538. Likewise, to justify rescission for a partial failure of consideration under subdivision 2 of section 1689 Civil Code of California there must be a wilful failure of one party to perform a material part of the contract, Bona-

delle Construction Co. v. Hernandez, 169 Cal.App.2d 396, 337 P.2d 85, or the nonperformance must be material and go to the essence of the contract, Crofoot Lumber v. Thompson, 163 Cal.App.2d 324, 329 P.2d 302.

■ In our opinion the collection of accounts in plaintiff's store was only a minor part of the whole contract which the court found existed. Its breach might sustain an action for damages but it does not justify a rescission of the entire contract. There is no proof that the collection of the accounts in plaintiff's store would be of any benefit. If plaintiff were obligated to make the collections, as the trial court found, it could be burdensome and expensive rather than beneficial. He is now relieved of that burden. However, plaintiff is protected against loss as he will receive 10% of all accounts collected.

■ Both parties asked for an accounting and for general relief in their respective pleadings. To avoid a multiplicity of suits the trial court was empowered to equitably adjust all matters in dispute between the parties relating to their respective rights and obligations under the contract. The general rule is stated in Vol. 3, Black on Rescission and Cancellation, § 690, p. 1643, as follows: "When a court of equity has taken jurisdiction of a suit for rescission or cancellation, and the facts proven would justify the grant of the relief asked, but a decree for rescission cannot be made because the restoration of the parties to their former situation has become impracticable or legally impossible, it will ascertain and award damages by way of compensation, in order to avoid a multiplicity of suits, and this may be done under the prayer for general relief * * *." It was accordingly well within the prerogative of the trial court to (1) decree title of the accounts in defendant subject to a 10% interest in plaintiff and (2) order an accounting between the parties. Anything less would constitute a failure to grant equitable relief justified by the facts and specifically requested by both parties.

Finding no error on either appeal the judgment is affirmed without cost to either party.

ROBERTS, BIEGELMEIER and HOMEYER, JJ., concur.

RENTTO, J., concurs in result.