148 N.W.2d 181 (1967)
Albert H. GIDDENS, Plaintiff and Respondent,
v.
Robert C. WILLIAMS and Mary E. Williams et al., Defendants and Appellants.
No. 10331.
Supreme Court of South Dakota.
January 30, 1967.
William M. Rensch, Rapid City, for defendants and appellants.
Bottum & Beal, Rapid City, for plaintiff and respondent.
ROBERTS, Judge.
Plaintiff Albert H. Giddens commenced this action in the Circuit Court of Pennington County seeking a judgment against defendants Robert C. Williams and Mary E. Williams upon a promissory note and foreclosure of a real estate mortgage securing the payment of the note payable in monthly installments of $100 commencing November 1, 1955, and continuing monthly until the full amount of the principal in the sum of $2500 and interest was paid. Defendants are owners of the premises described in the mortgage and plaintiff the mortgagee. Defendants admit in their answer that they made and executed the note and mortgage, but deny that they received any consideration. They allege that the loan proceeds were paid by plaintiff to Christine Smith. Findings were in favor of plaintiff holding that the mortgage was a valid obligation given for a good and valid consideration. From the judgment decreeing foreclosure, defendants appeal.
The note and mortgage in question were signed on July 30, 1955. The mortgage was recorded on August 1, 1955. The instruments were then mailed to Albert H. Giddens residing in Nashville, Georgia, and received by him prior to August 8, 1955. Defendants contend that the note and mortgage were delivered under a promise that the mortgagee would forward to them the loan proceeds.
The evidence discloses that defendant Robert C. Williams was engaged in the business of retailing and repairing sewing machines and vacuum cleaners in Rapid City. Christine Smith had been employed at different times by him from 1951 to February 1955, at which time she returned to her former home in Georgia. Defendants contend that after the note and recorded mortgage had been mailed to plaintiff Giddens, he refused to complete the loan and made a loan in the amount of $2500 *182 to Christine Smith. Mr. Williams testified: "Well, she called me by telephone on August the 8th, and * * * told me that Mr. Giddens would not loan me the money, even though they had received the mortgage and note, but that he (Giddens) trusted her; he was a life-long companion and that he would give her the money direct, without collateral; and she, in turn, propositioned me that that she would buy into my business with this twenty-five hundred dollars." Following this conversation Mr. Williams wrote a letter to Christine Smith reading in part as follows: "I took a couple of pictures of the house so that they there will have some idea of the security you are offering. I'll have them developed and sent out tomorrow."
Plaintiff testified by deposition that he was not acquainted with either of the defendants; that Christine Smith handled the negotiations; that the cashier's check on the Citizens Bank of Nashville, Georgia, was made payable to Christine Smith "because she had made all of the arrangements and had described the property they were putting up as security in that cityRapid City, South Dakota"; and that he had received photographs of the residence referred to by Christine Smith as the property described in the mortgage. The two photographs were offered and received in evidence. Plaintiff introduced in evidence a cashier's check for $2500 payable to the order of Christine Smith and bearing a cancellation showing that it was paid on September 13, 1955. It was endorsed by both payee and defendant Robert C. Williams.
Christine Smith testified by deposition that she obtained the loan for Mr. Williams at his request and that the cashier's check was delivered to her to consummate the loan agreement. The check endorsed as indicated was cashed at a Council Bluffs, Iowa, bank. Mrs. Smith received $400 in cash to reimburse her for expenses of travel back to South Dakota from Georgia. This was pursuant to an understanding of the parties that she was to return to Rapid City to work with defendant in his business. The balance was deposited in the Council Bluffs bank in a checking account. After withdrawals of about $600, the balance was redeposited in the Rushmore State Bank in Rapid City. The evidence tends to show that Christine Smith and Robert C. Williams planned to organize a corporation under the name of AAA Sewing Machine & Vacuum Cleaner Corporation and with that purpose in mind the above deposits were made in the name of the proposed corporation. A certified copy of its articles of incorporation was received in evidence showing their filing with the Secretary of State on October 19, 1955. From the testimony of Mr. Williams, it appears that the balance of the proceeds of the check after reimbursement of Christine Smith for travel expenses and payment to him of $385 for "advance rent" was expended in the business conducted in the name of AAA Sewing Machine & Vacuum Cleaner Corporation.
The general principles as to what constitutes a consideration for a contract determine what constitutes a sufficient consideration for a bill or note. The Negotiable Instruments Law (SDC 46.0202) defines "value" as any consideration sufficient to support a contract. SDC 10.0502 provides that consideration may be either a benefit to the promissor or a prejudice suffered by the promissee. It is not then necessary that any benefit accrue to the maker of a negotiable instrument if the payee furnishes consideration or suffers some detriment or prejudice and the promise is the inducement of the transaction. Woodruff v. Munson, 55 S.D. 282, 226 N.W. 263; Swanson v. Sanders, 75 S.D. 40, 58 N.W.2d 809.
No doubtful question of law is involved in this action. A fact question as to whether or not there was consideration is presented. The trial court in its memorandum opinion reviewed the facts and held "that the defendant knew that this money would not be advanced, either to him or to Christine Smith, for use in his business, in any way, without the security of the note and mortgage. * * * The fact that the *183 money was not forwarded direct to Mr. Williams and used by him exclusively in the payment of existing indebtednesses is not, in my opinion, decisive of the case. The question is whether or not there was consideration for the note and mortgage. Under the facts, as I have found them, I feel that not only was there a detriment suffered by the plaintiff, but that a benefit was also received by the defendant." We have carefully considered the evidence and cannot say that the findings and conclusions of the trial court are not sustained by the evidence.
Judgment affirmed.
All the Judges concur except RENTTO, J., not participating.