WOLF, Appellant, v. SACHSE, Respondent.

*No. 75–151. Argued November 30, 1976.
—Decided January 6, 1977.*

For the appellant there was a brief by *Hippenmeyer, Reilly & Arenz,* and oral argument by *Dale W. Arenz,* all of Waukesha.

For the respondent there was a brief by *Johnson & Brendemuehl,* and oral argument by *William A. Swendson,* all of Oconomowoc.

ROBERT W. HANSEN, J. The sole question to be answered is whether or not there was delivery of the stock certificates to this defendant within the meaning of the relevant statute. If there was such required delivery, valid consideration exists for defendant's promises to pay and the trial court judgment must then be reversed. If, however, there was not such required delivery, then there was *no* consideration given for the two promissory notes and the trial court judgment must be affirmed.

The relevant and controlling statute as to stock transfers in this state is art. 8 of the Uniform Commercial Code entitled "Investment Securities," adopted in 1963 as ch. 408 of the Wisconsin Statutes. That chapter governs the transfer of "securities,"[1] including the 200 shares of stock involved in this appeal.[2] Additionally, this chapter places the duty to deliver transferred stock certificates upon the transferor,[3] providing that such delivery to a purchaser occurs when:

---

[1] Sec. 408.102(1)(b), Stats., provides: "A writing which is a security is governed by this chapter and not by ch. 403 even though it also meets the requirements of that chapter. This chapter does not apply to money." (Ch. 403, entitled "Commercial Paper," governs negotiable instruments other than securities.)

[2] Sec. 408.102(1)(a), Stats., provides: "(a) A 'security' is an instrument which:

"1. Is issued in bearer or registered form; and

"2. Is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; and

"3. Is either one of a class or series or by its terms is divisible into a class or series of instruments; and

"4. Evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer."

[3] Sec. 408.314(2), Stats., provides that: "Except as otherwise provided in this section and unless otherwise agreed, a transferor's duty to deliver a security under a contract of purchase is not fulfilled until he places the security in form to be negotiated by the purchaser in the possession of the purchaser or of a person

"(a) He or a person designated by him acquires possession of a security; or

". . .

"(d) With respect to an identified security to be delivered while still in the possession of a third person when that person acknowledges that he holds for the purchaser."[4]

It is clear that the duty to effect delivery was upon the plaintiff-seller here. Such duty was not discharged until such plaintiff-seller either "places the security in form to be negotiated by the purchaser in the possession of the purchaser or of a person designated by him or at the purchaser's request causes an acknowledgment to be made to the purchaser that it is held for him."[5]

The plaintiff claims the existence of the stock certificates in the corporate book discharges this burden. The book was located at the office of the company attorney. We agree with the trial court that this does not constitute placing the securities "in the possession of the purchaser or of a person designated by him," as the statute requires. Moreover, the trial court specifically found that the certificates in the corporate book were not endorsed by the plaintiff. So, as an additional imperfection, they were not, as the statute also requires, "in form to be negotiated by the purchaser."

The alternative method of effecting delivery under the statute, where one "at the purchaser's request causes an acknowledgment to be made to the purchaser that it is held for him" was not here attempted, much less completed. There is no evidence that defendant requested such procedure be followed, and no evidence that, in the words of the statute, an acknowledgment was "made to the purchaser that it [the certificate] is held for him."

---

designated by him or at the purchaser's request causes an acknowledgment to be made to the purchaser that it is held for him. . . ."

[4] Sec. 408.313(1), Stats.
[5] Sec. 408.314(2), Stats. (n. 3).

Plaintiff Wolf puts some additional arrows to the bow in seeking to find, on the facts and under the circumstances here, a completed delivery of the stock certificates by the plaintiff to the defendant. One is the contention that the plaintiff "gave up legal and physical possession to the stock at the moment when he resigned from the Board of Directors and as an officer of Kettle Moraine Landscaping, Inc."[6] The short answer is that the statute requires transfer of the securities, not resigning from a board or officership.

Wolf stresses that plaintiff's stock certificates were ". . . with the corporate book. The corporate book was located at the office of the attorney for the corporation."[7] That fact falls far short of meeting the transferor's duty to effect a transfer. Plaintiff in his brief contends that the certificates in the attorney's possession had been "endorsed by the previous owner."[8] The trial court found to the contrary, and our examination of the corporate book supports that ruling. Accordingly, that finding is not overturned on appeal. Even if the certificates had been so endorsed, unless the attorney was a person designated by the purchaser to receive possession or had acknowledged holding the stock for the purchaser, and was requested by the purchaser so to do, the statutory requirements for delivery are not met.[9]

[6] Plaintiff-Appellant's Brief, at page 5.

[7] *Id.* at 5.

[8] *Id.* at 12.

[9] Sec. 408.313(1), Stats. *See: McCorquodale v. Holiday, Inc.,* 90 Nev. 67, 70, 518 P. 2d 1097, 1098, 14 U.C.C. Rep. 199, 201 (1974), the Nevada court holding: "The record is devoid of evidence of delivery to McCorquodale or his agent. The fact that the stock was issued in McCorquodale's name is alone insufficient to establish delivery. Without delivery McCorquodale had no rights in the stock nor would he receive any rights in the form of remedies. . . ." (Citing U.C.C., sec. 8–313, the language identical to sec. 408.313(1), Stats.) *See also: James v. Thurn,* 265 Md. 501, 508, 290 A.2d 490, 494, 10 U.C.C. Rep. 1228, 1232 (1972); *Morris*

Finally, plaintiff-appellant contends that the election of defendant as secretary-treasurer of the corporation gave defendant complete control so that at any time he could have completed the stock transfer.[10] Since the stock certificates were not endorsed or signed, that would hardly seem to follow. In any event, the statute provides that it is the duty of the transferor, not the transferee, to complete the delivery. The burden or duty to deliver is by statute placed upon the seller not the purchaser,[11] and here, as the trial court found, that duty was not met.

*By the Court.*—Judgment affirmed, with costs.

---

*v. Kaiser,* 292 Ala. 650, 299 So.2d 252, 15 U.C.C. Rep 469 (1974); *Kaufman v. Diversified Industries, Inc.,* 460 F.2d 1331, 1334 (2d Cir. 1972), cert. denied 409 U.S. 1038, 93 S. Ct. 517, 34 L. Ed.2d 487 (1972).

[10] Plaintiff-Appellant's Brief at page 12.

[11] Sec. 408.314(2), Stats. *See also:* Sec. 401.201(14), Stats., providing: "Delivery with respect to . . . securities means voluntary transfer of possession."