Sanford A. POPPENGA, Plaintiff
and Appellant,

v.

Keith D. CRAMER, Defendant
and Respondent.

No. 11807.

Supreme Court of South Dakota.

Feb. 10, 1977.

Rehearing Denied March 18, 1977.

Phillip O. Peterson, of Frieberg & Frieberg, Beresford, for plaintiff and appellant.

Milton Buechler, Lennox, Gary L. Richter, of Zimmer, Richter & Duncan, Parker, for defendant and respondent.

WINANS, Justice.[1]

The issue presented to this court is whether there is a genuine issue as to failure of consideration to support a promissory note. The trial court concluded that there was no genuine issue of material fact and found plaintiff liable on the note as a matter of law. We find that this is not a proper matter for summary judgment; the order granting summary judgment must be reversed and the matter remanded for trial.

■ On a motion for summary judgment the movant has the burden of showing clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Reviewing the evidence in the light most favorable to the nonmoving party, we conclude that respondent has not met his burden. *First Security Bank, Morristown v. Skjoldal,* 1976, S.D., 237 N.W.2d 675; *Wilson v. Great Northern Railway Co.,* 1968, 83 S.D. 207, 157 N.W.2d 19.

1. In accordance with SDCL 16–1–5.

Plaintiff, Sanford Poppenga, desired to purchase a one-third interest in a trucking partnership consisting of respondent, Keith Cramer, and Gary Anderberg. The partners owned three trucks jointly; respondent owned one truck individually. It was determined that plaintiff's one-third interest in these four trucks would amount to $8,600.00. Because respondent had the larger equity in the trucks, plaintiff made a cash payment of $2,500.00 to him and executed a promissory note payable to respondent for $6,100.00. Subsequent to this agreement, plaintiff made a $2,100.00 payment on the note, leaving an outstanding balance of $4,000.00.

The agreement was that plaintiff would thereby be entitled to one-third interest in the four trucks. Title to these trucks was to be transferred to a corporation to be formed by these three individuals, and each was to receive equal shares of stock in the corporation. While the enterprise was actually incorporated and functioned as a going concern, stock was never issued and the title to the trucks was never transferred to the corporation.

Although the business showed a profit its first year ($11,000.00), it experienced difficulty the second year when the finance company that had originally financed the purchase of the trucks by Cramer and Anderberg repossessed the trucks. Cramer and Anderberg had to pay an additional $1,800.00 to satisfy their debt. Plaintiff was not given notice that the trucks were being repossessed, nor was he asked to contribute toward the additional payment to the finance company. The corporation is no longer transacting business.

Plaintiff commenced a declaratory judgment action seeking to be released from the remainder of the note. Because title to the trucks had never been transferred and corporate stock had never been issued, he alleged that the consideration for the note

had failed and that the note was therefore void. Respondent counterclaimed, alleging adequate consideration for the note and praying for judgment on the principal balance, plus interest. Both parties moved for summary judgment and the trial court ordered judgment entered for respondent.

The question is whether the defense of failure of consideration must fall as a matter of law. Sufficient consideration for a note is determined by the same general principles that determine what constitutes sufficient consideration for a contract. *Giddens v. Williams*, 1967, 82 S.D. 447, 148 N.W.2d 181. Consideration may be either a benefit to the promissor or a detriment to the promisee. SDCL 53–6–1.[2] Failure of consideration is found where there is a breach or failure of performance so substantial that it tends to defeat the very object of the contract; there is no failure if the breach is casual, technical, or unimportant. *Dusek v. Reese*, 1963, 80 S.D. 96, 119 N.W.2d 656.

The crux of respondent's position is that there is no failure of consideration because the plaintiff derived a benefit from the agreement. The corporation had the use of the trucks prior to the time they were repossessed and plaintiff received $300.00 per month, at least part of which was compensation for his work as the corporation's secretary-treasurer. He was also entitled to a proportionate share of the first-year's profits. It is undisputed, however, that at the time the trucks were repossessed the title had not been transferred to the corporation and there had never been an issuance of corporate stock.

Our rule on failure of consideration is stated in *American State Bank v. Cwach*, 1971, 85 S.D. 562, 187 N.W.2d 107:

" '[W]here there is a total failure of consideration and the defendant has derived no benefit from the contract or none beyond the amount of money which he has

2. SDCL 53–6–1. "Good consideration, acts constituting.—Any benefit conferred or agreed to be conferred upon the promiser by any other person to which the promiser is not lawfully entitled, or any prejudice suffered or agreed to

be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer as an inducement to the promiser, is a good consideration for a promise."

already advanced, such total failure of consideration may be shown in bar of the action.'" 187 N.W.2d at 110.

We are unable to agree that as a matter of law plaintiff has received a benefit beyond the amount of money he has already paid. It is no longer possible to transfer title in the trucks because they have been repossessed. Nor is it feasible to issue stock in the corporation because it has ceased to function. We find a genuine issue as to whether there has been a failure of performance so substantial that it defeats the very object of the agreement.

Accordingly, we reverse the order granting summary judgment and remand for further proceedings not inconsistent with this decision.

DUNN, C. J., and ZASTROW, J., concur.

WOLLMAN, J., dissents.

WINANS, Retired Justice, sitting as a member of the court.

PORTER and MORGAN, JJ., not having been members of the court at the time this case was orally argued, did not participate.

WOLLMAN, Justice (dissenting).

I would affirm.

There is nothing in the record to indicate that plaintiff would have been in any different position had the titles to the trucks been transferred to the corporation and the stock certificates issued to plaintiff and the other two incorporators. The corporation utilized the trucks as though the titles had been transferred; there is no showing that plaintiff participated other than as an equal shareholder with the other two incorporators in the affairs of the corporation, except that he was not required to contribute to the $1800 required to satisfy the debt due the company that had financed the trucks. Had the corporation continued to operate as an ongoing business and had the trucks remained as an asset thereof, I would agree that the failure to transfer the titles and to issue the stock certificates could have constituted failure of consideration, see, e. g., *Wolf v. Sachse*, Wis., 248 N.W.2d 407, but in

the context of the present fact situation the performance or nonperformance of those acts was irrelevant.