Barbara **WHITSON** and Jim **Oliff,**
**Plaintiffs and Appellees,**

**v.**

Dale G. **LENDE** and Cheryl A. **Lende,**
**Defendants and Appellants.**

**Nos. 16436, 16455.**

Supreme Court of South Dakota.

Considered on Briefs April 27, 1989.

Decided June 28, 1989.

Thomas E. Brady of Richards, Hood & Brady, Spearfish, for plaintiffs and appellees.

Harlan A. Schmidt, Spearfish, for defendants and appellants.

MILLER, Justice.

This is a contract rescission action in which we generally uphold the trial court's monetary award of restitution, but remand to have the court additionally ascertain the reasonable rental value of the property involved.

## FACTS

Appellants Dale and Cheryl Lende (Lendes) appeal from a circuit court judgment entered in favor of appellees Barbara Whitson and Jim Oliff (Whitson and Oliff) awarding them rescission of a contract entered into with Lendes together with monetary relief under the theories of quantum

meruit and unjust enrichment. Lendes appeal, contending that the trial court erred (1) in denying them a jury trial on the theories of rescission, quantum meruit and unjust enrichment and (2) then awarding damages rather than restitution as compensation. By notice of review, Whitson and Oliff argue that they were entitled to additional restitution for rent paid, deposit and advance rent, together with interest thereon.

In 1985, a real estate broker had listed a Deadwood gas station, car wash and duplex for sale. Whitson and Oliff, as well as Lendes, made an offer on the property. Lendes' offer was ultimately accepted. Lendes then desired to lease the newly purchased property rather than operate it themselves. The broker contacted Whitson and Oliff and advised them that the property was for rent. In June 1985, the parties discussed the possible lease of the property. Lendes advised Whitson and Oliff that if they would lease the property, which was in poor condition, Lendes would make substantial improvements worth approximately $20,000, including the installation of car wash equipment and renovation of the car wash bays.

The parties orally agreed that Whitson and Oliff would lease the premises for two years at $650 per month,[1] and would have the option to purchase the property. Lendes agreed to make the aforementioned improvements and also agreed to provide Whitson and Oliff with a $1,000 allowance for improvements on the property.

Upon their arrival in early July 1985, Whitson and Oliff began cleaning and refurbishing the premises, including hiring contractors to make improvements to the property. By July 15, the date agreed upon for the installation of the car wash equipment, Lendes had made no capital improvements on the property and the car wash equipment had not arrived. Whitson and Oliff contacted Lendes concerning the whereabouts of the equipment and the im-

provements that Lendes were to make. Lendes informed them that the promised improvements would be undertaken shortly. On August 5, a pallet containing car wash equipment arrived together with a freight bill, which Whitson and Oliff paid. Nothing happened thereafter, so Whitson and Oliff again contacted Lendes to inquire as to when the equipment would be installed.

Later that month, Lendes promised that the car wash equipment would be installed and fully operable by August 21. No action was taken by that date and they again contacted Lendes. On August 23, the car wash installers arrived and proceeded to install the equipment. The next day, however, it was determined that the equipment was not compatible to the car wash bays and could not be installed. Whitson and Oliff asked Lendes when they were going to complete their obligation of renovating the premises and installing the equipment. Lendes then advised Whitson and Oliff that they were not obligated to do so and, in fact, would not do so.

Based upon this refusal, Whitson and Oliff advised Lendes that they were terminating their relationship and would be liquidating the inventory which they had previously purchased. Whitson and Oliff stated that they would be off the premises by September 1.

During the course of their tenancy, Whitson and Oliff provided materials and labor to improve the premises, acquired a beer license and purchased inventory. They also paid rent to Lendes in the amount of $2,250 ($300 for the last half of July, $650 for August and two months' advance rent). They left the ending inventory of fuel and merchandise on the premises.

Whitson and Oliff filed an action with the circuit court in January 1986, alleging the termination of their agreement together with a demand for the return of everything of value received from them by Lendes. Lendes filed an answer and counterclaim

1. A written lease agreement was later presented to Whitson and Oliff, who refused to sign it

because it omitted Lendes' obligation to make the agreed-upon improvements.

denying any liability and seeking enforcement of the remaining rental payments under the two-year lease. Whitson and Oliff replied to the counterclaim seeking rescission. Later, Whitson and Oliff elected to pursue their remedy for rescission and restitution under the theories of quantum meruit and unjust enrichment for rent, labor, materials, and expenses incurred by them for cleaning and improving the premises and for the inventory left thereon and the acquisition of the beer license. The case was tried to the court. Judgment was entered for Whitson and Oliff, granting them rescission and $7,244.71 in restitution.

## DECISION

### I

### WHETHER THE TRIAL COURT ERRED IN AWARDING "DAMAGES" TO WHITSON AND OLIFF.

■ It appears from the briefs that the issue actually presented to us, although unclear, concerns the amount of restitution awarded to Whitson and Oliff.[2] Lendes contend it was too much; Whitson and Oliff contend it was too little.

The trial court awarded restitution to Whitson and Oliff in the following amounts:

| Item | Amount | 12% Int. 9–1–85 to 5–18–88 | Total |
|---|---|---|---|
| Materials | $1,339.33 | $ 486.18 | $1,825.51 |
| Contract Labor | 939.03 | 340.87 | 1,279.90 |
| Personal Labor 7–9 thru 7–24 10 hrs/day/person = 300 hours 300 × $5.00/hr = | 1,500.00 | 544.50 | 2,044.50 |
| Beer License | 400.00 | 145.20 | 545.20 |
| Ending Inventory | 700.00 | 254.10 | 954.10 |
| Ending Fuel Inventory | 279.65 | 101.51 | 381.16 |
| Freight Bill | 162.40 | 51.94 | 214.34 |
| | $5,320.41 | $1,924.30 | $7,244.71 |

■ Lendes assert that the trial court awarded "damages" rather than a monetary judgment for restitution. They base their argument upon the fact that the court awarded certain out-of-pocket expenses which, under Lendes' theory, would not be recoverable because such expenses should be characterized as damages rather than restitution.

SDCL 53–11–5 provides:

The party rescinding a contract must restore to the other party everything of value which he has received from him under the contract, or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.

In *Dusek v. Reese*, 80 S.D. 96, 119 N.W.2d 656 (1963), this court stated:

When a court of equity has taken jurisdiction of a suit for rescission or cancellation, and the facts proven would justify the grant of the relief asked, but a decree for rescission cannot be made because the restoration of the parties to their former situation has become im-

---

**2.** On the first page of their brief, Lendes' Statement of Legal Issues phrases the issue as "Whether the court can deny defendants a jury trial on theories of rescission, quantum meruit and unjust enrichment and then award damages rather than restitution as compensation to plaintiffs?"

Then in the Argument section of their brief, they assert the issue as "THE COURT ERRED BY AWARDING DAMAGES TO PLAINTIFFS WHO HAD ELECTED TO RESCIND THE CONTRACT RATHER THAN AFFIRM THE CONTRACT AND SUE FOR DAMAGES." Their ar-

gument is principally in support of this assertion.

Lendes' assertion that the trial court erred in denying them a jury is clearly misplaced because this is primarily an equitable action which is not cognizable by a jury. *Skoglund v. Staab*, 312 N.W.2d 29 (S.D.1981). It was asserted in appellees' brief that this issue had been waived via a letter from Lendes' counsel. However, that letter is not included in the settled record and we therefore cannot consider that argument.

practicable or legally impossible, it will ascertain and award damages by way of compensation[.]

*Id.*, 80 S.D. at 103, 119 N.W.2d at 660 (citation omitted). It is clear that this is primarily an action in equity.[3]

Lendes' argument that the compensation awarded constituted damages rather than restitution is simply unfounded. The trial court in its findings of fact and conclusions of law and judgment nowhere referred to the monetary compensation awarded to Whitson and Oliff as "damages." ("Damages" however was used by the trial court in its memorandum opinion which was incorporated into the court's findings and conclusions.) Even if the court improperly denominated the award, the amount of compensation granted clearly indicates an award for restitution. We will not resort to semantic quibbling as a basis for reversal.

While it is clear that Whitson and Oliff are entitled to restitution, it is unclear whether they should be allowed to receive (1) the value of the labor and materials that went into the improvements they made or (2) that amount which equals the increase in the value of the property as a result of their improvements. Much is written in this area concerning the amount to be recovered for improvements by a purchaser who rescinds due to a breach by a vendor; however, such is not true where a commercial lease is rescinded due to a breach by the landlord. Regardless, we find the authority presented in the vendor/purchaser scenario to be persuasive.

■ Generally, when a party seeks restitution for improvements made in performance of a contract, the normal measure of recovery is the reasonable market value of the work done, not limited to the enhanced value of the property if such would be less.

As against the party in default (here Lendes), we find it preferable to allow Whitson and Oliff to recover the fair market value of their work even though such would most likely exceed the increase in the value of the property. *See* Palmer, *Law of Restitution* § 4.18 (1978). *See also Fischer v. Kennedy*, 106 Conn. 484, 138 A. 503 (1927); *McMahon v. Cooper*, 70 Idaho 139, 212 P.2d 657 (1949); *Passmore v. Woodard*, 37 N.C.App. 535, 246 S.E.2d 795 (1978); and *Skinner v. Scholes*, 59 N.D. 181, 229 N.W. 114 (1930). *Accord*, Corbin, *Contracts* § 1107 (1964).

■ Reviewing the award of restitution set forth by the trial court, and mindful that the concept of restitution is to return to a plaintiff that to which the plaintiff is entitled, we believe that the court erred in awarding Whitson and Oliff a judgment for only $7,244.71. It is clear from the record that these are the expenses which were borne by Whitson and Oliff in their attempt to renovate the premises. These amounts are consistent with the evidence presented. However, the trial court refused to award restitution to Whitson and Oliff in the amount of $2,250 for rent paid on the premises. Of this amount, $1,300 constituted advance rent and Whitson and Oliff's deposit on the premises. As such, it too should have been returned to Whitson and Oliff so as not to unjustly enrich Lendes. Further, Whitson and Oliff need only to have paid for the reasonable rental value of the premises in its *unimproved* condition. While the trial court found that the premises had little if any commercial value, it is not clear from the record that the trial court determined its reasonable rental value in its rundown state. The agreement entered into by the parties stipulates a rent of $650 per month would be reasonable *after* extensive repairs were completed on the property. Any rent paid in excess of the reasonable rental value of the property

3. Rescission is equitable if the complaint asks the court to order rescission of a contract. *Skoglund, supra* note 1. Such is the case here. Lendes attempt to argue that the issues raised in their counterclaim should have been tried to a jury. We find this contention to be specious and do not hesitate in holding that this was primarily an action in equity. *Id.*

in its dilapidated condition should also be returned with interest to Whitson and Oliff. We remand this issue to the trial court to determine the reasonable rental value of the unimproved property, and interest thereon, and to modify its judgment accordingly.

Affirmed in part, reversed and remanded in part.

All the Justices concur.