375 So.2d 1198 (1979)
FIRST NATIONAL BANK OF JACKSON, Mississippi
v.
Jo A. CARVER.
No. 51520.
Supreme Court of Mississippi.
October 10, 1979.
David W. Dreher, Jackson, for appellant.
Stennett, Wilkinson & Ward, Derryl W. Peden, Jackson, for appellee.
Before ROBERTSON, BROOM and COFER, JJ.
BROOM, Justice, for the Court:
Promissory note renewal and liability, if any, from the promisor Jo A. Carver (Mrs. Carver) to the promisee Bank are the chief aspects of this case tried in the Circuit Court of the First Judicial District of Hinds County. The suit was filed by First National Bank of Jackson (the Bank) against Mrs. Carver whose affirmative defense was that the note lacked enforceability because it was executed without consideration. From an adverse judgment rendered below, the Bank appeals. We reverse.
Stipulated facts establish that Mrs. Carver executed the note sued upon on October 31, 1977 renewing her earlier notes in favor of the Bank. Background to the notes is the fact that her husband died September 30, 1974 owing the Bank a sum of money on unsecured notes previously executed by him. His original $5,000 note was dated November 19, 1970, and he executed another note dated April 14, 1971 for $3,000, making a total debt of $8,000 due the Bank. After his death, Mrs. Carver executed her first note in favor of the Bank November 7, 1974, and simultaneously the Bank cancelled her deceased husband's indebtedness. She executed another note May 6, 1975 *1199 renewing her first note, and subsequently, October 31, 1977, she executed the note in question, again as a renewal of her first note.
In their briefs, the litigants focused mainly on the question of whether there was any consideration for Mrs. Carver's initial note to the Bank. Much space is devoted to whether there was a "forbearance" on the part of the Bank in not pursuing its claim based upon the original note executed by Mr. Carver before his death. Another question briefed was whether Mrs. Carver waived[1] the defense of the alleged lack of consideration. Obvious here is the fact that in cancelling Mr. Carver's indebtedness, the Bank relinquished its right to open an administration of Mr. Carver's estate and probate its claim based upon his notes. The briefs discuss our pre-Uniform Commercial Code decisional law with reference to a widow's note given in satisfaction of a prior note of her deceased husband. Sykes v. Moore et al., 115 Miss. 508, 76 So. 538 (1917). Also cited were several cases dealing with "forbearance" and the extinguishment of a pre-existing debt as consideration for a note. Lowndes Cooperative Association (AAL) v. Lipsey, 240 Miss. 71, 126 So.2d 276 (1961); Wren v. Hoffman, 41 Miss. 616 (1868). Mrs. Carver argues that a widow's note given for her insolvent husband's debt is void and cannot be rendered valid by renewal. Paxson et al. v. Nields, 137 Pa. 385, 20 A. 1016 (1891).
After having carefully studied the briefs and the record before us, our conclusion is that our pre-Uniform Commercial Code decisional law is no longer controlling. Our Legislature in 1968 enacted our Uniform Commercial Code, including what is now Mississippi Code Annotated § 75-3-408 (1972):
§ 75-3-408. Consideration
Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (Section 3-305) [§ 75-3-305], except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. Nothing in this section shall be taken to displace any statute outside this code under which a promise is enforceable notwithstanding lack or failure of consideration. Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount. [Emphasis added].
Clearly the underlined portion of the statute in precise language negatives any requirement that there be a consideration for a note given in a case of this sort where the very purpose of Mrs. Carver's first note was to be payment of or security for an antecedent obligation (the debt of Mrs. Carver's husband).[2] The stipulated facts of this case leave no doubt that the debt owed the Bank by Mrs. Carver's husband was an antecedent obligation. Further, when Mrs. Carver executed her first note, simultaneously and as a part of the same transaction the Bank extinguished the indebtedness owed by Mr. Carver.
First National Bank of Elgin v. Achilli, 14 Ill. App.3d 1, 301 N.E.2d 739 (1973) held that:
A note signed as security for an antecedent claim or debt, even though signed by a third party, needs no consideration. [UCC 3-408 and Official Comment 2 thereto (S.H.A., ch. 26, par. 3-408 at p. 261)].
The facts of this case bring it within the purview of § 75-3-408, and require our holding that Mrs. Carver is liable to the Bank regardless of the presence or absence *1200 of a consideration for her having executed her first note (or subsequent notes) to the Bank. Death of Mrs. Carver's husband did not in any way result in the demise or extinguishment of his antecedent debt owed to the Bank.
Judgment for the Bank would be entered here except for the fact that it appears the Bank is entitled to a reasonable attorney's fee as provided in the note sued upon. Accordingly, we must reverse and remand with directions for the lower court to enter judgment favorable to the Bank including interest and a reasonable attorney's fee to be determined and fixed by the lower court upon evidence regarding the attorney's fee.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Citizens National Bank v. Waltman, 344 So.2d 725 (Miss. 1977) dealt with waiver where a former wife with full knowledge of the facts constituting her alleged defense to the original note executed a renewal note.
[2] Under the official comment of the official text of the UCC following § 3-408, is the following elucidating language: "The `except' clause is intended to remove the difficulties which have arisen where a note or a draft, or an indorsement of either, is given as payment or as security for a debt already owed by the party giving it, or by a third person." [Emphasis added].