INTERNATIONAL MINERALS AND CHEMICAL CORPORATION v. JANET J. MATTHEWS

No. 8311SC1166

(Filed 6 November 1984)

1. **Uniform Commercial Code § 32— negotiable instrument—antecedent obligation —no necessity for consideration—applicability to accommodation maker**

   The statute providing that no consideration is necessary for a negotiable instrument given in payment of or as security for an antecedent obligation, G.S. 25-3-408, applies to both obligors and accommodation makers.

2. **Uniform Commercial Code § 28— negotiable instrument—unconditional promise to pay—reference to deeds of trust and security agreement**

   The incorporation of two deeds of trust and a security agreement into a note by reference did not make the promise to pay uncertain or conditional so as to impair the negotiability of the note. G.S. 25-3-104(1)(b).

APPEAL by defendant from *Bailey, Judge.* Order entered 24 August 1983 in Superior Court, HARNETT County. Heard in the Court of Appeals 18 September 1984.

By a verified complaint plaintiff sued defendant for $155,-737.20, together with interest and attorney's fees, allegedly due under the terms of a note dated August 28, 1980. A copy of the note, attached as an exhibit to the complaint, showed that it was in the principal sum of $188,850.04, was payable upon demand, and was executed by defendant, her husband, and Benson Agri Supply, Inc. The note also contained the following statement: "This note is given to secure the account of Benson Agri Supply, Inc., and is secured by a security agreement and deed of trust on the corporate maker's property and deed of trust on individual maker's real estate which is a lien upon the property therein described. The provisions of all security instruments securing this note are incorporated herein by reference." In an unverified answer, defendant admitted that she executed the note and had refused to pay the sum demanded, but she denied the debt, asserting as an affirmative defense that the note was without consideration in that it was given to secure a pre-existing debt. Contending that no genuine issue of fact is involved in the case, plaintiff moved for summary judgment under the authority of Rule 56, N.C. Rules of Civil Procedure. Plaintiff's motion was supported by the affidavit of its account executive to the effect that

defendant executed the note to secure a debt that Benson Agri Supply, Inc. already owed plaintiff. Defendant filed no response or counter-affidavit. The trial judge granted the motion and entered an order establishing defendant's indebtedness to plaintiff in the amount of principal, interest and attorney's fees stated in the complaint and note.

*Pope, Tilghman and Tart, by Patrick H. Pope and Ann C. Taylor, and Lytch, Rizzo & Thompson, by Benjamin N. Thompson, for plaintiff appellee.*

*Clifton & Singer, by Benjamin F. Clifton, Jr. and W. Robert Denning, III, for defendant appellant.*

PHILLIPS, Judge.

[1] If the note involved in this case is a negotiable instrument, governed by the Uniform Commercial Code, the order of summary judgment was correctly entered and the defendant's appeal is without merit. This is because execution, demand and nonpayment are admitted and the only defense raised, that the note was for a pre-existing debt and without consideration, has been rendered nugatory by G.S. 25-3-408. This statute, in pertinent part, provides as follows:

> Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (§ 25-3-305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind.

Defendant contends that this statutory provision does not apply to this case, because she did not owe the pre-existing debt, Benson Agri Supply did, and signed the note only as an accommodation. But the statute contains no such exception, and we see no basis for inserting one by interpretation. The statute is not ambiguous. Even though accommodation makers and obligors alike in great numbers sign instruments given in payment of or as security for antecedent obligations of various kinds, the statute states without limitation or reservation that consideration is not required for such instruments. It seems obvious to us, therefore, and we so hold, that both the intent and effect of this enactment was to deprive all signers of such instruments of the common law

International Minerals v. Matthews

defense of no consideration that defendant now relies upon. Nevertheless, defendant's position is not entirely without judicial support. In *Capital City Bank v. Baker*, 59 Tenn. Ct. App. 477, 442 S.W. 2d 259 (1969), which involved circumstances similar to those recorded here, the Tennessee Court of Appeals held that that state's identical enactment applies only to obligors and that the accommodation co-maker's plea of no consideration was sound. But, so far as our research discloses, all other courts that have considered this question have construed the provision as we do; decisions so holding include *Newman Grove Creamery Co. v. Deaver*, 208 Neb. 178, 302 N.W. 2d 697 (1981); *First National Bank of Elgin v. Achilli*, 14 Ill. App. 3d 1, 301 N.E. 2d 739 (1973); *Musulin v. Woodtek, Inc.*, 260 Or. 576, 491 P. 2d 1173 (1971); and the several others cited therein.

[2] The defendant further contends, however, that the note involved is not governed by the Uniform Commercial Code because it is not a negotiable instrument within the terms of G.S. 25-3-104. In pertinent part, this statute provides:

(1) Any writing to be a negotiable instrument within this article must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or bearer.

As a writing signed by the several makers that is payable to the holder on demand, the note clearly meets the requirements of subparagraphs (a), (c) and (d) above, and defendant does not contend otherwise. Defendant does contend, however, that the note does not contain the unconditional promise to pay required by subparagraph (b) because of the two deeds of trust and security agreement that are incorporated into the note by reference. Certainly, as defendant argues and the statute provides, a promise is not unconditional if the instrument containing it states that it is *subject to* or *governed by* any other agreement or writing. G.S.

25-3-105(2)(a). But referring to a mortgage or other collateral does not impair negotiability. G.S. 25-3-105(1)(e); G.S. 25-3-112(1)(b). Nor, in our opinion, does incorporating into a note the liens that secure its payment, as was done here. The deeds of trust and security agreement given to secure the debt or promise to pay could not have rendered defendant's promise to pay uncertain or conditional. The decision most relied upon by defendant, *Booker v. Everhart*, 294 N.C. 146, 240 S.E. 2d 360 (1978), is not in point. In that case the note lost its negotiability because the instruments incorporated into it were a deed of separation and property settlement agreement, which from their nature could contain offsetting obligations that would eliminate or reduce the obligation to pay the note as promised. But mere liens securing payment of a debt cannot affect the obligation to pay it.

Affirmed.

Judges HEDRICK and BECTON concur.