**Billy Bob BIGGS, Mrs. Billy Bob Biggs, and J.B. Properties, Appellants,**

v.

**WORLD AIR CONDITIONING, INC., Appellee.**

No. 05–86–00162–CV.

Court of Appeals of Texas, Dallas.

Nov. 24, 1986.

Rehearing Denied Jan. 6, 1987.

Joe Putnam, Irving, for appellants.

Kevin J. Cook, Bobby D. Dyess, Dallas, for appellee.

Before AKIN, DEVANY and McCLUNG, JJ.

McCLUNG, Justice.

Billy Bob Biggs, Mrs. Billy Bob Biggs (Jeri Biggs), and J.B. Properties appeal a summary judgment in favor of World Air Conditioning, Inc. (World). Biggs Enterprises, Inc. (Biggs, Inc.) was also adjudged liable, but does not appeal. The appellants argue that summary judgment was incorrect because the basis of their liability, a check, was without consideration since it was given for the debt of Biggs, Inc. and is therefore unenforceable. The controlling issue in this case of first impression is whether a check fails for lack of consideration where it is given in payment for the antecedent obligation of a third party. Because we hold that no consideration is necessary for a check given in payment of the antecedent obligation of a third party, we affirm the judgment of the trial court.

The facts are not complicated, but a review of the parties and their relationships will prevent confusion. Billy Bob Biggs is the owner of Biggs, Inc., a Texas corporation, and he is a 50% owner of J.B. Properties, a partnership. Biggs' spouse, Jeri Biggs, owns the other half of J.B. Properties. World is a corporation doing business in Texas under the trade name of Weathermakers of Texas (Weathermakers).

Biggs, Inc. engaged World to furnish and install air conditioning equipment at various locations in Grand Prairie and Irving, Texas. World invoiced Biggs, Inc. for each job as it was completed. J.B. Properties, through Billy Bob Biggs, executed a check in the amount of $24,320 payable to the order of Weathermakers. This "check was given to pay on [Biggs, Inc.'s] account owed Weathermaker[s]" according to Billy Bob Biggs' sworn affidavit. The check

was dishonored and returned to World marked "NSF." After attempts to collect this debt and an additional debt of $5,960 were unsuccessful, World sued Billy Bob Biggs, Jeri Biggs, J.B. Properties, and Biggs, Inc. On the basis of pleadings, discovery documents, and sworn affidavits, the trial court granted World's motion for summary judgment. The judgment recited the joint and several liability of Billy Bob Biggs, Jeri Biggs, J.B. Properties, and Biggs, Inc. in the amount of the check, $24,320, and the sole liability of Biggs, Inc. in the amount of $5,960 plus pre-judgment interest, attorney's fees, and an additional 10% postjudgment interest on all sums. Billy Bob Biggs, Jeri Biggs and J.B. Properties appeal from this judgment contending that the entire debt belongs solely to Biggs, Inc.

As we understand appellants' argument, they contend that World does not have the rights of a holder in due course; that the check is without consideration; that J.B. Properties did not agree to be substituted as debtor for Biggs, Inc.; and that the check did not extinguish the debt of Biggs, Inc. Consequently, appellants argue, the check is unenforceable. We understand them to agree that the check is governed by the commercial paper chapter of the Texas Business and Commerce Code.

■ Section 3.408 of the Business and Commerce Code [1] states:

> Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (Section 3.305), except that no consideration is necessary for an instrument or obligation given in payment of or as security for an antecedent obligation of any kind....

The broad language of the final prepositional phrase of the except clause, "of *any* kind," (emphasis added) is further explained by comment 2:

> The "except" clause is intended to remove the difficulties which have arisen

where a note or draft ... is given as payment ... for a debt already owed by the party giving it, or by a third person....

The literal language of the statute appears to require us to affirm the trial court, although apparently no Texas cases have specifically interpreted "obligation of any kind" to include debts owed "by a third person." With one exception that we have found, courts in other jurisdictions have applied this interpretation, which we adopt. *See Musulin v. Woodtek, Inc.*, 260 Or. 576, 578, 491 P.2d 1173, 1175 (1971); *First Nat'l Bank of Elgin v. Achilli*, 14 Ill.App.3d 1, 6, 301 N.E.2d 739, 743 (1973); *Austrian, Lance & Stewart v. Hastings Properties*, 87 Misc.2d 25, 385 N.Y.S.2d 466, 467 (Sup. Ct.1976); *First Nat'l Bank of Jackson v. Carver*, 375 So.2d 1198, 1199 (Miss.1979); *Chaffin v. Hall*, 439 So.2d 67, 69 (Ala. 1983); *Farmers & Merch. Nat'l Bank of Hatton v. Lee*, 333 N.W.2d 792, 794 (N.D. 1983); *Internat'l Minerals & Chem. Corp. v. Matthews*, 71 N.C.App. 209, 321 S.E.2d 545, 546–47 (1984); *Bradley v. Romeo*, 716 P.2d 227, 228 (Nev.1986). *But see Capital City Bank v. Baker*, 59 Tenn.App. 477, 442 S.W.2d 259, 265–66 (1969). *See generally* Annot., 23 A.L.R.3d 932 (1969 & Supp. 1986).

■ We next understand appellants to argue that the "except" clause of § 3.408 does not apply here because the check was not given "in payment of" Biggs, Inc.'s debt because the check did not "extinguish" Biggs, Inc.'s debt. There is authority for this interpretation. *Cf. First Nat'l Bank v. Carver*, 375 So.2d 1198, 1199 (Miss.1979). Appellants cite us to *Wilson Supply Co. v. West Artesia Transmission Co.*, 505 S.W.2d 312 (Tex.Civ.App.—San Antonio 1974), *writ ref'd n.r.e.*, 511 S.W.2d 261 (approving the holding that one who conditionally accepts a check, simply agreeing to apply the proceeds, when collected, to a preexisting claim, is not a holder in due course within the meaning of § 3.302).

---

1. All section references will be to the Texas Business and Commerce Code unless otherwise

indicated.

The facts in *Wilson* required the court to interpret § 3.303, which concerns when a holder takes for value, a prerequisite to becoming a holder in due course under § 3.302.[2] According to appellants, the proof that World did not give up its claim against Biggs, Inc. in exchange for the check is that World sued both appellants and Biggs, Inc. on both the check and the underlying debt. Consequently, appellants argue, Biggs, Inc.'s debt was not extinguished when World accepted the check and, therefore, the check was not "in payment of" Biggs, Inc.'s debt. Since the check was not given in payment for Biggs, Inc.'s debt, appellants argue, then the "except" clause of § 3.408 does not apply and consideration is required. We reject this reasoning. The effect of a check upon a debt is governed by § 3.802. Section 3.802[3] says that a check "suspends" an obligation, "unless otherwise agreed." *Wilson Supply* does not apply to this case because there the parties "otherwise agreed." Requiring a check to extinguish a debt before it could be "in payment of" the debt totally ignores § 3.802. Under § 3.802 the debt is no longer suspended upon dishonor because upon dishonor the holder may take action on either the check or the underlying obligation. World merely pursued the alternative remedies provided by § 3.802.

We also reject this reasoning because § 3.303, Taking for Value, focuses on the conduct of the taker, whereas § 3.408, Consideration, focuses on the conduct of the giver. Under § 3.302 a holder in due course "*takes* the instrument for value," which he can do under § 3.303 when he "*takes* the instrument in payment of" a debt. (Emphasis added.) Under § 3.408 lack of consideration is not necessary for checks "*given* in payment of" a prior debt. (Emphasis added.) In his sworn affidavit in opposition to World's motion for summary judgment Billy Bob Biggs states, "I made and delivered to Weathermakers ... a check on J.B. Properties' account ... to *pay* on an account owed Weathermaker [sic]...." (Emphasis added.) This Court will not now hear him complain that he did not give the check "in payment of" Biggs, Inc.'s debt.

The judgment of the trial court is affirmed.

2. The Holder in Due Course and Taking for Value provisions state:

§ 3.303. **Holder in Due Course**
(a) A holder in due course is a holder who takes the instrument
(1) for value; and
(2) in good faith; and
(3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.
(b) A payee may be a holder in due course.
(c) A holder does not become a holder in due course of an instrument:
(1) by purchase of it at judicial sale or by taking it under legal process; or
(2) by acquiring it in taking over an estate; or
(3) by purchasing it as part of a bulk transaction not in regular course of business of the transferor.
(d) A purchaser of a limited interest can be a holder in due course only to the extent of the interest purchased.
§ 3.303. **Taking for Value**
A holder takes the instrument for value
(1) to the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process; or
(2) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due; or
(3) when he gives a negotiable instrument for it or makes an irrevocable commitment to a third person.

3. This provision states:
§ 3.802. **Effect of Instrument on Obligation for Which It Is Given**
(a) Unless otherwise agreed where an instrument is taken for an underlying obligation
(1) the obligation is pro tanto discharged if a bank is drawer, maker or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor; and
(2) in any other case the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation; discharge of the underlying obligor on the instrument also discharges him on the obligation.
(b) The taking in good faith of a check which is not postdated does not of itself so extend the time on the original obligation as to discharge a surety.