Elsie BROWN, Plaintiff–Respondent,

v.

Leon MUSTION and Loretta Mustion, Defendants–Appellants.

No. 19261.

Missouri Court of Appeals, Southern District, Division One.

Sept. 20, 1994.

W. Swain Perkins, Thayer, for appellants.

Todd Thorn, Rizwan Ahad and Travis J. Mask, West Plains, for respondent.

FLANIGAN, Judge.

In 1993, plaintiff Elsie Brown brought this action against defendants Leon Mustion and Loretta Mustion, husband and wife, for the balance due on a promissory note dated May 3, 1988, in the principal amount of $10,000. The note, which was payable "on demand and if no demand 24 months after date," provided for interest from date at the rate of 7 percent per annum. It also contained a provision for a reasonable attorney fee in the event of a suit for collection. A copy of the note was attached to the petition and showed that two interest payments had been made. The petition sought recovery of $11,630.88 plus interest and an attorney's fee.

Defendants' answer admitted execution of the note. The answer also pleaded: "Defendants deny that they are obligated on said promissory note for the reason that there was no consideration for the note." Following a nonjury trial, the court found the issues in favor of the plaintiff and awarded a judgment of $13,375.51. Defendants appeal.

This court reviews this nonjury case on both the law and the evidence as in suits of an equitable nature and gives due regard to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01(c).[1] The judgment of the trial

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Except where otherwise indi-

court will be sustained by the appellate court unless there is no substantial evidence to support it or it is against the weight of the evidence or it erroneously declares or erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Id.* "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." Rule 84.13(b).

■ Defendants' first point is that "no consideration passed from plaintiff to defendants" for the note, and the trial court erred in finding otherwise, because: (a) plaintiff had no "right, title or interest" in the certificate of deposit purchased by Ernest C. Brazeal and placed in the name of "Ernest C. Brazeal, pay on death to Elsie Brown, Leon Mustion, and Vickie Noland," which Brazeal pledged to a bank as security for a loan; and (b) plaintiff's forbearance from making a claim against the estate of Ernest Brazeal, deceased, was not consideration.

Plaintiff is the great aunt of defendant Leon Mustion. Ernest Brazeal was plaintiff's brother and Leon Mustion's grandfather. Brazeal and Mustion were business partners. During his lifetime, on a date not shown in the record, Ernest Brazeal purchased a certificate of deposit at the Bank of Thayer. Although the certificate of deposit was not introduced into evidence, the parties agreed: "The certificate of deposit was in the sum of $30,000.00 payable to the plaintiff, defendant Leon Mustion, and Vickie Noland, and each was to receive $10,000 upon the death of Ernest C. Brazeal because the certificate of deposit was to be paid to them upon the death of Ernest C. Brazeal. The certificate of deposit had been pledged to the Bank of Thayer before Ernest C. Brazeal's death."

The following are the significant events:

October 24, 1985—Ernest Brazeal died.

January 14, 1986—Will of Ernest Brazeal admitted to probate and letters of administration issued. Plaintiff was not named in will.

Prior to May 29, 1986—Leon Mustion talked to Elsie Brown and told her that Ernest Brazeal had pledged the certificate of deposit to the bank, and if Elsie did not release it "they were going to foreclose on the business." Leon offered to give Elsie a note "to release my interest in the CD, which I did do."

May 29, 1986—A copy of a letter from plaintiff addressed to Sam L. Currier, president of the Bank of Thayer, was filed in Brazeal estate. The letter, which was delivered to the addressee, reads:

"Dear Mr. Currier:

This letter will authorize and direct the Bank of Thayer to liquidate and apply the proceeds from any certificate of deposit in which I have an interest and created by Ernest C. Brazeal, to the indebtedness owed the Bank of Thayer by Ernest C. Brazeal and Leon Mustion d/b/a Brazeal Lumber and Pallet Co.

Yours very truly,

/s/ Elsie Brown"

November 19, 1986—Final settlement approved and order of distribution entered in Brazeal estate.

January 7, 1987—Administrator of Brazeal estate discharged.

May 3, 1988—Defendants execute $10,000 note in favor of plaintiff.

The bank cashed the certificate of deposit and applied the proceeds to the loan. The only witnesses who testified at the trial were plaintiff and defendant Leon Mustion. Their testimony follows:

**Elsie Brown:** On May 3, 1988, the defendants executed the note and gave it to me. The note was signed about a year [sic] after my brother Ernest passed away. They were trying to get the estate settled. Leon had the note drawn up. As a result of "his" signing the note, I did not make any claim against my brother's estate. I thought I was

named in his will. I was not aware that Ernest had assigned the certificate of deposit to the bank until Leon told me that. I did not provide any money for the purchase of the certificate of deposit. Leon asked me not to file a claim in the Brazeal estate saying I wanted $10,000. Leon said the bank was going to foreclose "on the business" if I did. I had this claim to $10,000 that was in a certificate of deposit. Leon offered to give me a note to release my interest in the certificate of deposit, which I did. I was going to claim something against the estate, so he gives me this note. They have made some payments on the note. Leon Mustion paid me $900 about 18 months after the note was made, and in 1991 he paid me $500. I wrote both payments down on the face of the note as interest payments. Leon also endorsed and gave to me my son's check to Leon in the amount of $80, representing payment for dirt Leon bought from my son.

Leon Mustion: I was in business with Ernest Brazeal. When Ernest died, I wanted to buy the rest of the business out of his estate. The attorney for the estate advised me "to sign promissory notes to certain people to wrap up the estate." As a result, I signed three notes, one of which was payable to Elsie Brown. My wife signed it. The $10,000 that plaintiff was supposed to get as a result of the certificate of deposit was pledged by Brazeal to the bank before his death. When Brazeal died, the bank made demand and converted the certificate of deposit to payment of his note. I made three payments on the note. I never intended for any payment to be for anything other than interest.

■ Since defendants' answer admitted execution of the note, plaintiff, upon producing the note as its holder, was entitled to payment "unless the defendant proves a defense...." § 400.3–308(b). *Estell v. Estate of Iden,* 714 S.W.2d 774, 776 (Mo.App.1986).

"Failure of consideration is an affirmative defense, and the burden of proof is on the maker." *Commerce Bank of Joplin v. Shallenburger,* 766 S.W.2d 764, 768[3] (Mo.App. 1989). See *Duggins v. Simons,* 517 S.W.2d 82, 89[1] (Mo.1974).

Section 400.3–408, which was in effect at the time the instant note was executed and was repealed in 1992, read:

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 400.3–305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind."

Defendants admit they had the burden of proof with respect to the affirmative defense of lack of consideration for the note. They contend they sustained that burden because: Ernest Brazeal pledged the certificate of deposit to the Bank of Thayer as security for a loan and Brazeal had the authority to do so under § 362.471;[2] since the certificate of deposit was cashed by the bank and the proceeds applied to payment of the loan, plaintiff had no interest in the certificate of deposit; plaintiff had no interest in the estate of Brazeal because she was not named as a beneficiary in his will; plaintiff failed to file a claim against the Brazeal estate and could not do so at the time of the execution of the note on May 3, 1988, because the estate was closed in January 1987; plaintiff gave up nothing when she waived her interest in the certificate of deposit because she had no such interest; plaintiff gave up nothing when she forbore from filing a claim against the Brazeal estate in 1988, when the note was executed, because she had no claim and all claims were then barred because the estate was closed.

In finding for the plaintiff, the trial court rejected defendants' affirmative defense of

---

**2.** Section 362.471 reads, in pertinent part:

"1. A bank or trust company may contract for an *account, including a certificate of deposit,* in the following form: 'John Doe, pay on death to Henry Doe'. Such account, shall, during the lifetime of the person or persons first named in the account, be the property of and under the sole control of the person or persons first named;

and the first named person or persons shall be entitled to cancel, change, give away, *or otherwise deal with the account* as if no other person was named in the account.

"2. At the death of all of the first named persons, the account shall become the property of the person or persons named as the 'pay-on-death' person or persons." (Emphasis added.)

want of consideration. In *Miller v. Gayman,* 482 S.W.2d 414 (Mo.1972), suit was brought on a note. Plaintiff was the executrix of the deceased payee, and defendants were the makers. Defendants pleaded the affirmative defense that the deceased payee had renounced the note. The trial court found the issues in favor of plaintiff and stated it did not believe the evidence concerning the affirmative defense. In affirming the judgment the Supreme Court said, at 419:

"In essence, the note was proved up, the amount unpaid was proved up, and the Court did not accept (or believe) the evidence of a surrender or renunciation. For all practical purposes that ended the matter, burden or no burden."

The court said that it was unnecessary to repeat various reasons why the trial court rejected testimony concerning renunciation. At 419 the court said: "The point is that it did not accept that testimony. Allowing due deference to the opportunity of the trial court to determine credibility, we agree with its finding. That really decides the case. It is immaterial that this evidence was not 'contradicted'; the Court had the right to disbelieve and reject it just as a jury may do, and the defense was not sustained."

■ Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it. In order for defendants to prevail on their first point, they must show that on this record there was, as a matter of law, no consideration for the note (if it is assumed that the exception in § 400.3–408 does not apply), or they must convince this court, if the issue of want of consideration was one of fact, that the trial court's ruling was against the weight of the evidence. For the reasons which follow, this court holds that defendants have not done so.

■ "Where the claimant has an honest and reasonable belief in the validity of an invalid claim, the relinquishment of such claim is sufficient consideration to support a promise." *Fox v. Burton,* 402 S.W.2d 329, 334[1] (Mo.1966). To similar effect see *Holt v. Jamieson,* 847 S.W.2d 194, 197[2] (Mo.App. 1993).

"(1) Forbearance to assert or the surrender of a claim or defense which proves to be invalid is not consideration unless

(a) the claim or defense is in fact doubtful because of uncertainty as to the facts or the law *or*

(b) the forbearing or surrendering party believes that the claim or defense may be fairly determined to be valid.*" Restatement (Second) of Contracts § 74 (1979). (Emphasis added.)

■ "A consideration within § 400.3–408 may consist of some benefit to one party or some detriment to the other." *Edmiston v. J.C.G.–Medallion, Inc.,* 570 S.W.2d 306, 309[3] (Mo.App.1978). "The discharge, release or forbearance of a right or claim against a third person, at the instance or request of the obligor, is sufficient consideration to support the latter's undertaking on a note." *Wallace Cotton Co. v. Estate of Wallace,* 722 S.W.2d 103, 109 (Mo.App.1986). "'No consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind.' § 400.3–408. 'That statement includes a debt owed by a third person.'" *Id.* at 109.

Plaintiff was one of the "persons named as the 'pay-on-death' ... persons" on the certificate of deposit. That being so, at the death of Ernest Brazeal the certificate, to the extent it remained unfettered by prior actions of Brazeal, became the property of plaintiff, defendant Leon Mustion, and Vickie Noland in equal shares. § 362.471.2 and .3.

Defendant Leon Mustion told plaintiff that Brazeal had "assigned" the certificate to the Bank of Thayer. There was no evidence concerning the nature or terms of that "assignment." Leon asked plaintiff to write the letter to the president of the Bank of Thayer, and plaintiff did so. Leon told plaintiff that if she did not do so, the bank would foreclose on "the business," in which Leon had an interest separate and apart from that of Brazeal. Leon told plaintiff he would give her the $10,000 note if she wrote the bank.

Even if plaintiff's claim to the proceeds of the certificate of deposit was invalid, a matter which need not be decided, the relin-

quishment of that claim by plaintiff was sufficient consideration to support Leon's promise to give her a note if plaintiff honestly and reasonably believed that her claim was valid. Indeed, under the Restatement view, consideration was present if plaintiff believed that her claim "may be fairly determined to be valid" without regard to the reasonableness of that belief. Leon's conduct in making the request for the letter indicates his belief in the validity of plaintiff's claim. The trial court properly could have concluded that defendants did not show that plaintiff's belief in the validity of her claim was either dishonest or unreasonable.

The record also reflects that the writing of the letter may have induced the bank to abstain from foreclosure proceedings against property in which Leon had an interest. Elsie's act in writing the letter may have benefited Leon, whether or not it constituted a detriment to plaintiff.

Plaintiff's letter to the bank was written in 1986, while Brazeal's estate was still open. Plaintiff having performed her part of the bargain, it became the obligation of Leon to provide her with the note. When the note was executed in 1988, it was an instrument given in payment of "an antecedent obligation of any kind," § 400.3–408, making consideration for it unnecessary, thus coming within the "except" clause of § 400.3–408. See *Kurtz v. Fischer,* 600 S.W.2d 642, 645–646[2] (Mo.App.1980). Defendants' first point has no merit.

■ Defendants' second point is that the trial court erred in finding in favor of plaintiff and against defendant Loretta Mustion because Loretta received nothing from plaintiff, in that Loretta was not interested, as an heir or devisee, in Brazeal's estate, nor did Loretta have any interest in the certificate of deposit.

■ "[I]t is the settled rule that a single consideration which moves to any one of two or more contemporaneous comakers of a note will be adequate and sufficient to support the undertaking of them all." *Wyckoff v. Commerce Bank of Kansas City,* 561 S.W.2d 399, 401–402[1, 2] (Mo.App.1977). To similar ef-

fect see *Kopff v. Miller,* 501 S.W.2d 532, 537[8,9] (Mo.App.1973).

In view of the matters discussed under defendants' first point, it cannot be said that, as a matter of law, Loretta was entitled to consideration and did not receive it. Section 400.3–408 was based on § 3–408 of the Uniform Commercial Code. Where the "except" clause applies, it eliminates the requirement for consideration. *Chaffin v. Hall,* 439 So.2d 67, 69–70 (Ala.1983); *First Nat'l Bank of Jackson v. Carver,* 375 So.2d 1198, 1199–1200 (Miss.1979); *Sur–Gro Plant Food Co., Inc. v. Morgan,* 29 Ohio App.3d 124, 504 N.E.2d 445, 451 (1985); *Biggs v. World Air Conditioning, Inc.,* 722 S.W.2d 27, 28 (Tex.App. 1986). Those cases interpreted the "antecedent obligation of any kind" to include the obligation of a third person, in this case Leon. Those holdings are consistent with the official comment of the official text of the Uniform Commercial Code following § 3–408, which reads: "The 'except' clause is intended to remove the difficulties which have arisen where a note or a draft, or an indorsement of either, is given as payment or as security for a debt already owed by the party giving it, or by a *third* person." (Emphasis added.) See *Wallace Cotton Co., supra.* Defendants' second point has no merit.

Defendants' third point reads:

"The trial court erred finding that there were [sic] a series of payments made and that the defendant was in default at the time of trial, because the weight of the evidence does not support a finding that any payments were made other than interest payments which would not estop the defendants from raising the defense of lack of consideration."

There is Missouri case law to the effect that the making of interest payments on a note by the maker does not constitute a ratification of the note so as to preclude the assertion of the affirmative defense of want of consideration. *Beland v. Anheuser–Busch Brewing Ass'n,* 157 Mo. 593, 58 S.W. 1, 4–5[4, 5] (1900). In *Danforth & Co. v. Crookshanks,* 68 Mo.App. 311, 317[6] (1897), an action on a promissory note given for a chattel which proved worthless, the court held that the fact that defendant made partial

payments did not estop him from pleading failure of consideration.

Both sides introduced evidence that Leon made payments on the note. The defendants were given the benefit for those payments when the trial court calculated the unpaid balance. The trial court made no finding that the making of those payments precluded defendants from raising the defense of want of consideration.

The trial court did not base its judgment on the ground that some payments had been made. In rejecting defendants' first two points, this court has held that the trial court did not err in refusing to uphold the defense of want of consideration. The fact that Leon made payments, whether principal or interest or both, on the note has not figured in that holding. Defendants' third point has no merit.

The judgment is affirmed.

SHRUM, C.J., and MONTGOMERY, J., concur.